The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

$11,200.00 U.S. CURRENCY and Bradley Edward Strand, Defendants–Appellees.

No. 10CA1805.

Colorado Court of Appeals, Div. I.

Aug. 18, 2011.

Rehearing Denied Oct. 13, 2011.

Scott W. Storey, District Attorney, Audrey E. Weiss, Deputy District Attorney, Golden, Colorado, for Plaintiff–Appellant.

Walta Harms & Dingle LLC, Mark G. Walta, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TERRY.

In this civil proceeding concerning forfeiture of $11,200 from defendant, Bradley Edward Strand, the People appeal the trial court's order granting relief from the forfeiture judgment to Strand under C.R.C.P. 60(b) and section 16–13–307(1.6), C.R.S.2010. Strand's conviction of drug charges in a related case was reversed on appeal because a division of this court concluded that the evidence against him, including the currency in issue here, was seized as a result of an unconstitutional search. Under the circumstances, we conclude the trial court had jurisdiction and authority to consider Strand's C.R.C.P. 60(b) motion, and did not abuse its discretion in relying on the subsequent reversal of his conviction to grant relief from the judgment and to order return of the forfeited currency to Strand. We therefore affirm.

## I. Background

On February 11, 2004, the police searched Strand's home pursuant to a search warrant and seized methamphetamine, drug paraphernalia, and $11,200 in United States currency. Of these funds, the police identified three $20 bills as money they had supplied to an informant to make a controlled drug purchase from Strand. As a result of the evidence found during the search, Strand was arrested and charged. A jury convicted him of one count of distribution of a schedule II controlled substance and one count of possession with intent to distribute a schedule II controlled substance.

The People also brought this civil forfeiture action against Strand under "[s]ections 16–13–301, et seq.," C.R.S.2010, arguing that his conviction constituted a public nuisance warranting forfeiture of the $11,200 that had been seized from him. During trial of the forfeiture claim, the court admitted physical evidence which the police had seized during the search of Strand's house. The court entered judgment against Strand on this claim on June 10, 2006. The forfeiture judgment emphasized that Strand had been convicted of offenses which constituted public nuisances.

On February 26, 2009, a division of this court reversed Strand's criminal conviction, based on its conclusion that the search of Strand's house was unconstitutional and that the evidence found during that search should have been suppressed at his criminal trial. *People v. Strand*, (Colo.App. No. 05CA1830, 2009 WL 482208, Feb. 26, 2009) (not published pursuant to C.A.R. 35(f)). On remand to the district court, the People moved to dismiss the criminal case against Strand, and the district court granted the motion on November 25, 2009.

On February 11, 2010, Strand filed a motion in this action for relief from the forfeiture judgment under C.R.C.P. 60(b), in which he sought return of the forfeited property under section 16–13–307(1.6). The trial court granted the motion on the grounds that Strand's criminal conviction had been overturned and the court of appeals had ruled that the $11,200 had been confiscated illegally pursuant to an unconstitutional search.

The People appeal the trial court's order granting this relief.

## II. Standard of Review

We review a trial court's decision regarding a C.R.C.P. 60(b) motion for an abuse of discretion. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 604 (Colo.App.2007). "A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair." *Centennial Bank v. Taylor*, 143 P.3d 1140, 1142 (Colo.App.2006).

We review issues of statutory construction de novo. *Specialty Restaurants Corp. v. Nelson*, 231 P.3d 393, 397 (Colo.2010).

## III. Jurisdiction or Authority to Consider Motion

The People contend the trial court lacked jurisdiction or authority to consider Strand's motion. We disagree.

■ The People first argue that Strand's C.R.C.P. 60(b) motion was untimely. Strand filed his motion within three months after dismissal of the criminal case against him. This dismissal, combined with the reversal of the conviction, formed the grounds for Strand's C.R.C.P. 60(b) motion. We are not persuaded that the trial court abused its discretion in finding that Strand had filed his motion within a reasonable time.

■ The People also argue that the dismissal of the criminal case is irrelevant and the reversal of his conviction did not constitute a basis under C.R.C.P. 60(b) for the trial court to consider his motion. While a conviction is not required for a civil forfeiture in every case, the reversal of Strand's conviction is relevant here because the trial court relied on that conviction in its forfeiture judgment. Moreover, the exclusionary rule applies to civil forfeiture proceedings. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *see also United States v. One Hundred Forty–Nine Thousand Four Hundred Forty–Two & 43/100 Dollars ($149,-442.43)*, 965 F.2d 868, 872 (10th Cir.1992) (although forfeiture proceedings are civil, they are not to be effectuated in derogation

of constitutional rights; "[t]hus, any defects in process used to secure the possession of [a defendant's] property may defeat the government's right to possession, inasmuch as the government will be barred from introducing evidence illegally seized in violation of the fourth amendment to prove a claim of forfeiture"). Therefore, it was clearly relevant that the physical evidence on which the trial court had based its forfeiture judgment had been determined to be unconstitutionally seized.

We also reject the People's argument that there was no valid basis under C.R.C.P. 60(b) for the trial court to reconsider the forfeiture judgment. Under C.R.C.P. 60(b)(4), a court may relieve a party from a final order if a prior judgment upon which the order is based has been reversed. Here, because the forfeiture judgment was based, at least in part, on Strand's conviction, the reversal of that conviction provided a basis under C.R.C.P. 60(b)(4) for the court to consider and grant Strand's motion for relief from the forfeiture judgment.

### IV. Authority to Return Subject Property

We next consider and reject the People's argument that the trial court lacked authority to order return of the forfeited currency to Strand.

The trial court had authority to order return of the currency under section 16–13–307(1.6) ("Upon . . . dismissal of a criminal action against a person named in a forfeiture action related to the criminal action, . . . the forfeiture claim shall be dismissed and the seized property shall be returned . . . .").

█ We reject the People's contention that after the currency had been distributed to various governmental and nongovernmental entities pursuant to the trial court's forfeiture judgment, it was no longer "seized property" as described in section 16–13–307(1.6). The statute provides no basis for treating seized property differently once it has been distributed.

Moreover, the fact of distribution cannot leave Strand without a remedy, especially where the property in issue here—United States currency—is fungible. *See United States v. Davis*, 226 F.3d 346, 357 (5th Cir. 2000) (money is fungible); *Mora v. United States*, 955 F.2d 156, 160 (2d Cir.1992) (when government gives away, loses, or destroys a prisoner's property, such conduct does not deprive a court of its equitable jurisdiction to provide appropriate relief). To hold otherwise would be to encourage unconstitutional conduct by the police. The People have not demonstrated inability to return $11,200 in United States currency—even if not the same precise currency seized from Strand— to him in accordance with the trial court's order.

For the same reasons, we reject the People's argument—raised for the first time at oral argument—that, to preserve his rights in the forfeited currency, Strand should have either requested a stay after the forfeiture judgment was entered or appealed that judgment. *Cf. Bumbal v. Smith*, 165 P.3d 844, 847–48 (Colo.App.2007) (court will not consider arguments raised for the first time during oral argument).

### V. Interest

Strand contends that the People should be required to pay interest on the judgment. However, because he did not raise this argument in the trial court and raised it only in a conclusory fashion here, we will not consider it. *See Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298, 1301 (Colo.1996).

The order is affirmed.

Judge TAUBMAN and Judge MILLER concur.