2013 CO 64

**The PEOPLE of the State of Colorado, Petitioner**

v.

**$11,200.00 U.S. CURRENCY and Bradley Edward Strand, Respondent.**

**Supreme Court Case No. 11SC813**

Supreme Court of Colorado.

November 12, 2013

Rehearing Denied December 9, 2013

Attorneys for Petitioner: Scott W. Storey, District Attorney, First Judicial District Audrey E. Weiss, Deputy District Attorney, Golden, Colorado

Attorneys for Respondent: Walta LLC Mark G. Walta, Denver, Colorado

CHIEF JUSTICE BENDER, delivered the Opinion of the Court.

¶1 In this opinion, we review the court of appeals' decision affirming the trial court's order returning $11,200 in forfeited currency to an owner whose criminal conviction had been overturned on appeal. *People v. $11,200 U.S. Currency*, 316 P.3d 1, 2011 WL 3612233 (Colo.App. No. 10CA1805, Aug. 18, 2011).

¶2 Eleven months after the claimant, Bradley Strand, was convicted of drug charges, the trial court held a civil forfeiture hearing to determine whether $11,200 in cash found in his home during the execution of a search warrant should be forfeited to the state under the public nuisance statute, sections 16–13–301 to –317, C.R.S. (2013). The trial court found that the $11,200 had been used in the commission of a public nuisance act, in this case, drug dealing, and ordered the money forfeited. The trial court issued an order distributing the $11,200 to state agencies.

¶3 Strand appealed his criminal conviction, but not the civil forfeiture order. On appeal, the court of appeals reversed his conviction because the search warrant was unconstitutionally stale and remanded the case to the trial court. The reversal came just over two-and-a-half years after the judgment of forfeiture in Strand's civil case. Nine months later and almost three-and-a-half years after the judgment of forfeiture, the prosecution dismissed Strand's charges. Strand then filed a motion under C.R.C.P. 60(b) seeking the return of the $11,200 because the forfeiture order was based on his now-reversed criminal conviction. The trial court granted his motion and ordered the $11,200 returned to Strand, four years after the judgment of forfeiture entered. The People appealed, and the court of appeals affirmed the trial court's order.

¶4 We analyze the public nuisance statute, which is a specialized proceeding and construes the language of section 16–13–307(1.6). Section 16–13–307(1.6) provides for the dismissal of a forfeiture claim and the return of seized property when the related criminal charge is dismissed or the defendant is acquitted. We hold this section applies only to a dismissal of the criminal charge by the trial court where there is an active claim for forfeiture. It does not apply to a dismissal following a reversal of the related criminal conviction on appeal when a judgment of forfeiture has already entered absent an appeal in the civil proceeding and stay by the defendant. In this case, a judgment of forfeiture entered. The $11,200 had been forfeited, distributed, and spent by the receiving agencies three-and-a-half years before the criminal conviction was dismissed. The forfeiture claim had ripened into a forfeiture judgment years before the defendant's criminal conviction was dismissed. Therefore, we hold that section 16–13–307(1.6) does not apply to this case. The trial court lacks statu-

tory authority to order return of the forfeited funds. Hence, we reverse and remand this case to the court of appeals with instructions to return it to the trial court for proceedings consistent with this opinion.

## I.  Facts and Procedural History

¶ 5 The West Metro Drug Task Force arranged for an informant to buy drugs from Strand. The informant bought methamphetamine using $320 in marked bills provided by the task force. Based on this purchase, the task force obtained a search warrant for Strand's home, which it executed nine days later. The officers who searched Strand's home found methamphetamine hidden in two aerosol cans with false bottoms, syringes, plastic baggies, and a scale that later tested positive for drug residue. They also found and seized $11,200, which included three marked $20 bills from the $320 used in the controlled buy. The officers arrested Strand, and he was later charged with distribution of a controlled substance and possession of a controlled substance.

¶ 6 About two months after Strand's arrest, Jefferson County filed a civil forfeiture suit seeking to have the $11,200 found in Strand's home declared a class 1 public nuisance under section 16–13–303 and forfeited to the state. The trial court stayed the civil forfeiture suit while Strand's criminal trial was pending, as required by section 16–13–307(1.5). Before his criminal trial, Strand sought to suppress evidence from the search, arguing that the search warrant was stale. The trial court denied the motion, and three months after Jefferson County filed the civil forfeiture suit, a jury convicted Strand of distribution of a controlled substance and possession of a controlled substance. Strand appealed his criminal conviction.

¶ 7 Eleven months later and just over two years after the seizure of the $11,200, the trial court held a hearing in the civil forfeiture case. Strand's criminal appeal was still pending. The prosecution called three police officers as witnesses, one who set up the controlled buy and two who executed the search warrant. The prosecution also introduced the $11,200, the methamphetamine, and other evidence found in Strand's home. Strand, who represented himself at the hearing, called as a witness his wife, who testified that $10,000 of the seized $11,200 was hers and was a loan from her boss. He also testified that the informant was a former girlfriend who planted the drugs and marked $20 bills in his house. The trial court, at the prosecution's request, took judicial notice of Strand's criminal conviction.

¶ 8 The trial court found that the prosecution had proven by clear and convincing evidence that Strand owned the $11,200 and was a party to the creation of a public nuisance "as he was convicted of the offenses which constitute the public nuisance." The trial court declared the $11,200 a public nuisance and ordered its forfeiture. Four months later—almost two years and nine months after the seizure—the trial court ordered the distribution of the currency as required by section 16–13–311.[1] The trial court ordered that $1,120 be given to the Jefferson County District Attorney; $112 be given to the clerk of the Jefferson County Combined Courts; $4,984 be given to the West Metro Drug Task Force; and the remaining $4,984 be given to Signal Behavioral Health Network, which manages drug abuse treatment programs in Colorado. Strand did not appeal the civil forfeiture judgment or the distribution order in the civil forfeiture case. Nor did he seek a stay of the distribution order from the trial or appellate court. During the six months following the judgment of forfeiture, Strand wrote several letters to the trial court requesting that the court not distribute

---

1.  Section 16–13–311(3)(a) specifies the distribution of seized property that is subject to a forfeiture order. As is relevant here, after paying lienholders, compensating innocent partial owners of the property, paying victims who petition the court to be awarded damages, and reimbursing the law enforcement agency storing the property for storage expenses, the district attorney is compensated for the costs of prosecuting the forfeiture action using no more than ten percent of the forfeited property, and the district court receives one percent of the property's value for administrative costs. The balance is then split between the seizing agency and the organization serving the judicial district that administers behavioral health programs and services, including those related to mental health and substance abuse.

the money.[2] He also filed a motion for a new trial under C.R.C.P. 59 and a motion to reverse the judgment under C.R.C.P. 60. The trial court denied the C.R.C.P. 59 motion as untimely and the C.R.C.P. 60 motion as groundless. The trial court distributed the money to all the receiving agencies within six months of the distribution order.

¶ 9 In Strand's criminal case, the court of appeals reversed his conviction, vacated his sentence, and remanded the case for a new trial. It had been about two-and-a-half years since the trial court's judgment of forfeiture in the civil case and just over three-and-a-half years since Strand's criminal conviction. *People v. Strand*, No. 05CA1830, 2009 WL 482208 (Colo.App. Feb. 26, 2009) (not selected for publication). In reaching its conclusion, the court of appeals held that the search warrant was unconstitutionally stale because it was executed nine days after it was issued and therefore the trial court erred by denying Strand's motion to suppress. Nine months later, following the court of appeals' remand, the trial court dismissed the criminal charges against Strand.

¶ 10 Strand then, two months after the trial court's dismissal, just over three-and-a-half years after the judgment of forfeiture, and six years after the initial seizure, filed a motion in the trial court under C.R.C.P. 60(b), requesting relief from the judgment in the civil forfeiture case. He argued that because his criminal conviction had been reversed, the trial court's forfeiture judgment could no longer stand. He also argued that the $11,200 should be returned to him under section 16–13–307(1.6), which states that in

the event of an acquittal or dismissal in a criminal case, a related forfeiture claim "shall be dismissed and the seized property shall be returned."

¶ 11 The trial court, three months later, held a hearing, at which both parties acknowledged that the $11,200 had been forfeited, distributed to the agencies, and spent in the nearly four years between the forfeiture order and the hearing on Strand's C.R.C.P. 60(b) motion. Two months later, the trial court ordered the state to return the $11,200 because Strand's criminal conviction was overturned and the $11,200 was seized during an unconstitutional search.

¶ 12 On appeal, the court of appeals affirmed the trial court's order returning the forfeited $11,200. The court of appeals reasoned that the trial court had jurisdiction to hear Strand's motion even though the money had been distributed and spent because section 16–13–307(1.6) gave the trial court such authority. The court also reasoned that the reversal of Strand's criminal conviction constituted grounds under C.R.C.P. 60(b)(4), which allows relief from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated," to grant Strand relief from the judgment in the civil forfeiture case. The court of appeals concluded that the trial court had relied on illegally seized evidence in finding that the $11,200 was a public nuisance and the forfeiture judgment was based on the now-reversed criminal conviction. The People then petitioned this court to review the court of appeals' decision. We granted certiorari.[3]

---

2. In his letters to the court, Strand argued that he was innocent in his criminal case. He contended that, consistent with his position at the forfeiture hearing, his former girlfriend, the confidential informant, had been out for revenge and planted the drugs and marked $20 bills. Strand also claimed that he had additional evidence of his innocence that he had not presented at the civil forfeiture hearing.

3. We granted certiorari on the following issues:
    1. Whether the trial court lost subject matter jurisdiction in the *in rem* forfeiture proceeding when it distributed the personal property, $11,200, pursuant to its unappealed final order.
    2. Whether section 16–13–307(1.6), C.R.S. (2011), provides affirmative relief from an

unappealed final order of forfeiture when a claimant's criminal conviction is overturned on appeal.
    3. Whether, contrary to this court's holding in *Ahart v. Colorado Department of Corrections*, 964 P.2d 517, 520 (Colo.1998), the court of appeals erred in holding that the exclusionary rule applies to civil forfeiture proceedings without conducting an analysis in this case utilizing the enumerated two-part balancing test.
    4. Whether the court of appeals erred in holding that, for purposes of C.R.C.P. 60(b)(4), the civil forfeiture judgment was 'based on' the related criminal conviction when the civil forfeiture judgment was attained through a separate and full hearing on the merits, evidence of the criminal conviction

## II. Analysis

■ ¶ 13 Strand argues that section 16–13–307(1.6) provides for the return of his property because it requires the dismissal of a forfeiture claim and the return of seized property upon a dismissal or acquittal in a criminal case related to a forfeiture case. He contends that because his criminal case was dismissed after remand on appeal, section 16–13–307(1.6) applies to him. Thus, he argues, section 16–13–307(1.6) gives the trial court authority to return the $11,200 and, indeed, requires it to return the money.[4] Strand argues that the term "seized property" in section 16–13–307(1.6) means any property that is the subject of a forfeiture proceeding. He further argues that our precedent requires the return of the $11,200, even though his forfeiture claim has ripened into a judgment of forfeiture, because his criminal case was dismissed following the appeal, reversal, and remand of his criminal conviction. Strand contends that C.R.C.P. 60(b) provides the court a procedural mechanism by which it can set aside the forfeiture judgment.

■ Strand's argument raises a question of statutory construction, which we review de novo. *Mishkin v. Young,* 107 P.3d 393, 396 (Colo.2005). We first review the public nuisance statute as a whole and conclude that the statute is a specialized trial court proceeding, with only one section of the statute applying at the appellate level. We then examine section 16–13–307(1.6) and conclude that, consistent with the public nuisance statute as a whole, the phrase "dismissal of a criminal action" refers only to the dismissal of a criminal case before or during a trial proceeding in which a forfeiture claim is pending. It does not refer to a dismissal of a criminal case occurring on remand as the result of the reversal of a related criminal conviction on appeal when a forfeiture judgment has entered and no appeal or stay has been taken from the judgment of forfeiture. Hence, we conclude that section 16–13–307(1.6)'s dismissal language does not apply here, where the related criminal case was dismissed after reversal of the criminal conviction on appeal and remand to the trial court. To the extent that the trial court's order set aside the forfeiture judgment, this order was consistent with the court's power under C.R.C.P. 60(b). However, C.R.C.P. 60(b) does not empower the trial court to go further and order return of the property.

### The Public Nuisance Statute

¶ 14 Section 16–13–307(1.6) states that "[u]pon acquittal or dismissal of a criminal action ... the forfeiture claim shall be dismissed and the seized property shall be returned." The question here is whether this sentence in section 16–13–307(1.6) applies when a criminal case is dismissed following reversal of the related criminal conviction on appeal and remand to the trial court after a judgment of forfeiture has entered and the forfeited funds disbursed, absent an appeal of the civil forfeiture judgment and stay by the defendant.

¶ 15 Forfeiture proceedings are governed by the public nuisance statute, sections 16–13–301 to –317. The public nuisance statute is a special statute dealing with seized property. We must construe the meaning of the words "dismissal of a criminal action" and "seized property" in section 16–13–307(1.6) consistent with the rest of the statute. *See People v. Smith,* 254 P.3d 1158, 1161 (Colo. 2011) (courts must construe statute as a

was only one piece of evidence submitted at the hearing, and a criminal conviction is not required for a civil forfeiture judgment.

4. Strand also argues that the trial court did not lose *in rem* jurisdiction over the $11,200 even though the money has been disbursed to and spent by other agencies. A civil forfeiture action is an action *in rem* viewed as an action against property rather than a person, with the "offending inanimate objects" characterized as the defendants. *People v. Lot 23,* 735 P.2d 184, 189 n.2 (Colo.1987) (internal quotation omitted). This *in*

*rem* convention of naming the property as defendant "is a way for the [g]overnment to identify the thing that is subject to forfeiture ... and to give anyone and everyone with an interest in that property the opportunity to come into court at one time and contest the forfeiture action." Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 1–4, at 15 (2d ed.2013). Such actions are civil in nature and the rules of civil procedure apply. § 16–13–307(3); *Lot 23,* 735 P.2d at 189. Because Strand's statutory argument is dispositive, we do not address his argument about *in rem* jurisdiction.

whole). We thus examine the public nuisance statute as a whole to determine whether section 16–13–307(1.6) applies when a related criminal case is dismissed following reversal of the criminal conviction on appeal and remand to the trial court or whether it only applies to a trial court's dismissal of criminal charges where there is an active forfeiture claim.

¶ 16 We begin with section 16–13–307(1.5), which requires a trial court to stay the forfeiture claim during the pendency of a criminal proceeding arising from the same activity as the forfeiture proceeding. This section also requires that trial courts lift the stay and proceed on the forfeiture claim once the trial of the criminal charges has resulted in a conviction. The stay shall not be extended during the pendency of the defendant's appeal and postconviction proceedings following the conviction:

> [T]he trial and discovery phases of the forfeiture proceeding shall be stayed by the court until the disposition of the criminal charges. A stay *shall not be maintained during an appeal or post-conviction proceeding* challenging a criminal conviction.

§ 16–13–307(1.5) (emphasis added).

■ ¶ 17 Section 16–13–307(1.5) thus explicitly requires a trial court, once a criminal conviction enters, to lift the stay even if the defendant is appealing the criminal conviction. "Conviction" is defined in the public nuisance statute as "a verdict of guilty by a judge or jury or a plea of guilty or nolo contendre that is accepted by the court." § 16–13–301(2.1). "Conviction" for the purposes of the public nuisance statute means the entry of a guilty verdict at the end of a trial or upon a guilty plea, not the issuance of the appellate mandate. *See People v. Enlow*, 135 Colo. 249, 255, 310 P.2d 539, 542 (1957) (describing the many ways this court has defined "conviction").

¶ 18 Section 16–13–307(1.5) does not bar a trial or appellate court from granting a defendant's request to stay distribution of the seized property during an appeal of the judgment of forfeiture. A defendant therefore can appeal the civil forfeiture judgment and seek a stay in the appellate court, which

Strand did not do here. The remaining sections of the public nuisance statute, consistent with section 16–13–307(1.5), evidence the same legislative intent to apply to proceedings in the trial court but not to remanded proceedings resulting from the reversal of the related criminal conviction on appeal.

■ ¶ 19 For example, section 16–13–307(1.6) states "the forfeiture claim shall be dismissed" upon a dismissal or an acquittal in the underlying criminal action. The use of the word "claim" means that the claim has not ripened into a judgment. Thus, a trial court has the statutory power to dismiss a pending forfeiture claim. To read the statute to require the return of property after a judgment of forfeiture has entered disregards the words of the statute, "the forfeiture claim shall be dismissed," and would render this phrase meaningless. *See In re Marriage of Wells*, 850 P.2d 694, 697 n.6 (Colo.1993) (courts cannot presume that the General Assembly used language in a statute with no intent to give that language meaning).

¶ 20 Other sections also show the legislature's intent that forfeiture proceedings be final once a judgment of forfeiture enters, absent an appeal and request for stay. Section 16–13–303(4) provides that when it is established that a person received proceeds from a public nuisance act the trial court "*shall* award to the plaintiff a money judgment of forfeiture." (emphasis added). Section 16–13–311(3)(a) states: "If the prosecution prevails in a forfeiture action, the court *shall* order the property forfeited." Property forfeited under this section then "*shall* be distributed." (emphases added). Section 16–13–311(3)(h) gives a party wishing to contest a distribution order fourteen days to contest that order. Once a judgment of forfeiture enters, the public nuisance statute requires that a trial court distribute the forfeited property promptly.

¶ 21 Other examples in this special statute illustrate that the statute is meant to apply promptly and be final. Under section 16–13–307(1.7), in some circumstances a judgment of forfeiture may enter without a criminal conviction. A trial court may enter a judg-

ment of forfeiture before an owner completes a deferred judgment and does not have to wait the required two to four years [5] until the deferred judgment is completed. § 16–13–307(1.7)(e). This is so even though, upon a defendant's full compliance with the conditions of a deferred judgment, the charge upon which the deferred judgment was based is dismissed. *See* § 18–1.3–102(2), C.R.S. (2013). The public nuisance statute allows property to be forfeited even when a defendant later completes a deferred judgment and the trial court dismisses the charges. Section 16–13–307(3.5) requires the state to file a forfeiture claim within sixty-three days following the seizure of property. This section calls for the state to seek a judgment of forfeiture soon after it seizes property, evidencing an intent for forfeiture proceedings to move quickly.

¶ 22 One section of the public nuisance statute specifically applies at the appellate level. Section 16–13–307(12) requires the trial court to preserve the status quo in the event that the prosecution—but not the defendant—wishes to appeal. "[T]he court may make appropriate orders to preserve the value of the property pending appeal." § 16–13–307(12). No counterpart to this provision exists requiring the court to stay a judgment in favor of the prosecution if the defendant appeals. The defendant thus must apply for a stay.[6] Absent an appeal and application for a stay, once a judgment of forfeiture enters, the statute considers the judgment final and directs the trial court to distribute the forfeited property. We conclude that the dismissal language in section 16–13–307(1.6) applies to the trial court proceedings and not to trial court proceedings on remand from the reversal of a criminal conviction on appeal.

¶ 23 Strand argues that our appellate precedent requires the application to this case of section 16–13–307(1.6)'s requirement that

seized property be returned upon the dismissal of the related criminal case in a forfeiture proceeding. He relies on our decision in *United States v. Wilkinson*, 686 P.2d 790 (Colo.1984). In *Wilkinson*, we answered a certified question from the United States District Court for the District of Colorado asking what interest an owner retained after the seizure of his property and before a judicial determination of forfeiture for the purpose of determining if the Internal Revenue Service (IRS) could collect on a tax lien filed after the seizure of property. *Id.* at 790. We held that the IRS could not collect on the lien because the owner had no property interest once the property was seized. *Id.* at 794. We stated that property seized under the public nuisance statute was "forfeit as of the date of seizure." *Id.* at 793.

¶ 24 Strand concentrates on *Wilkinson's* phrase "forfeit as of the date of seizure." Strand contends that this phrase means that we treat seized property as "forfeit" from the day it is seized, thus section 16–13–307(1.6) applies to all property in a forfeiture proceeding, even after a forfeiture claim ripens into a judgment. We do not find Strand's reasoning persuasive. In *Wilkinson*, we held that *"upon the final adjudication of forfeiture* under the Public Nuisance statute, the forfeiture relates back at least to the date of seizure." *Id.* at 794 (emphasis added). The phrase "forfeit as of the date of seizure" means that once a judgment of forfeiture enters, the property is deemed forfeit as of the day it was seized. It does not mean that seized property held during the pendency of a forfeiture claim is already forfeited.

¶ 25 *Wilkinson* is consistent with the public nuisance statute's determination of the date that seized property, once forfeited, is considered forfeit. Section 16–13–311(3)(a) specifies that a forfeiture order, issued after a judgment of forfeiture enters, "perfect[s] the state's right and interest in and title to

---

**5.** A term of deferred judgment can be as long as four years for a felony and two years for a misdemeanor. § 18–1.3–102(1)(a), C.R.S. (2013).

**6.** Note two differences between Colorado and federal statutes. Federal law requires courts to stay a forfeiture order if either party appeals on the request of an appealing party. 28 U.S.C.

§ 1355(c) (2013). Congress also has authorized the return of funds "erroneously deposited" into the U.S. Treasury in 31 U.S.C. § 1322(b)(2), and federal courts have relied on this authority to conclude that a court could return forfeited funds. *See, e.g., Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 90, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992).

such property and ... relate[s] back to the date when title to the property vested pursuant to section 16–13–316." Title to currency vests in the state and the seizing agency at "the time of the commission of the public nuisance act." § 16–13–316(2). These statutory provisions, read together, mean that once a trial court enters a judgment of forfeiture, title to seized currency vests in the state and the seizing agency at the time of an unlawful act. However, the state's right is not perfected as to third parties until that judgment of forfeiture enters.

¶ 26 The language of the public nuisance statute also indicates that property held during a forfeiture claim pending in the trial court is not the same as property after a judgment of forfeiture enters. Section 16–13–311(3)(a), as noted, requires that the trial court "order the property forfeited" once a judgment of forfeiture enters and allows the trial court to issue an order distributing the property. Before a judgment of forfeiture enters, when the forfeiture claim is pending and the court must hold the property intact, the statute uses the term "seized property." As examples, section 16–13–302(2)(d) emphasizes that "seized property" must be held by the seizing agency until either a judgment of forfeiture enters or the property is returned. *See also* § 16–13–303(7) (stating that currency seized under the statute's authority "may be placed in an interest-bearing account during the proceedings" and then, once proceedings conclude, be "forfeited or returned to the prevailing party in lieu of the currency"). The use in section 16–13–307(1.6) of "seized property" rather than "forfeited property" or just "property" indicates that the legislature intended the provision requiring the return of seized property to apply only to property during the pendency of a forfeiture claim proceeding, but not after the forfeiture claim ripened into a judgment and the property was forfeited.

■ ¶ 27 The public nuisance statute as a whole shows the legislature's intent that this statute mostly applies to an active forfeiture claim that has not yet ripened into a judgment of forfeiture. The public nuisance statute thus, read as a whole, shows that the words "dismissal of a criminal action" in section 16–13–307(1.6) do not refer to the dismissal of a criminal action after the reversal of the related criminal conviction on appeal and remand to the trial court. Thus, we conclude, section 16–13–307(1.6) does not apply to a proceeding where a related criminal case is dismissed following the reversal of the criminal conviction on appeal and remand but does apply to a dismissal where there is a pending forfeiture claim.

### Application to this Case

■ ¶ 28 In this case, the prosecution prevailed, the trial court entered a judgment of forfeiture, and the trial court, pursuant to the requirements of the public nuisance statute, ordered the $11,200 distributed. Strand appealed his criminal conviction but he did not appeal the judgment of forfeiture.[7] Three-and-a-half years after the entry of the judgment of forfeiture, Strand sought relief under section 16–13–307(1.6). Because section 16–13–307(1.6) only applies to the dismissal of criminal charges where there is an active claim for forfeiture that has not ripened into a forfeiture judgment, the trial court lacks statutory authority to provide Strand relief here, when Strand did not appeal the civil forfeiture or seek to stay the judgment.

¶ 29 We hold that section 16–13–307(1.6), which requires the dismissal of a forfeiture claim and the return of seized property following an acquittal or dismissal of the related criminal conviction, does not apply to this case, where the related criminal conviction was dismissed following appellate reversal and remand three-and-a-half years after a judgment of forfeiture entered. The trial court thus lacks authority under section 16–13–307(1.6) to return the forfeited $11,200.

7. Strand wrote several pro se letters to the trial court from prison asserting his innocence in his criminal case and requesting a new trial in his civil forfeiture case. None of these letters requested an appeal of the civil forfeiture case or a stay of the judgment of forfeiture. *See* ¶ 8, *supra.*

The trial court treated two of these letters as postjudgment motions in the forfeiture case. It denied one under C.R.C.P. 59 as untimely and the other under C.R.C.P. 60, because Strand did not state any grounds for relief from the judgment.

¶ 30 C.R.C.P. 60(b) permits the trial court to rectify or reverse a prior judgment that, in light of new facts, is now erroneous. However, "a holding that the forfeiture against [a defendant's] property was void does not equate to a ruling that he is entitled to a return of the property or monetary relief from the government, because a Rule 60(b) motion is not a claim for the return of property." *United States v. One Toshiba Color Television*, 213 F.3d 147, 156–57 (3d Cir.2000) (en banc). To the extent that the trial court's order set aside the forfeiture judgment, this order was consistent with the power expressly granted the court under C.R.C.P. 60(b). C.R.C.P. 60(b) does not empower the trial court to go further and order return of the property. Strand relies upon section 16–13–307(1.6) to order reimbursement of the distributed funds. We disagree and construe this section of the public nuisance statute to not permit return of Strand's seized funds. Accordingly, we reverse the court of appeals' decision.

### III. Conclusion

¶ 31 For the reasons stated above, we reverse the court of appeals. We remand this case to the court of appeals with instructions to return it to the trial court for proceedings consistent with this opinion.