Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 11, 2018

**2018 CO 51**

**No. 17SA113, In re People v. Shank—Public Defender Representation—Statutory Interpretation.**

In this case, the supreme court determines whether the Office of the State Public Defender has statutory authority to represent an indigent defendant in a civil forfeiture matter. Reviewing the plain language of the relevant statutes, the supreme court concludes that the Office of the State Public Defender was not statutorily authorized to enter its appearance in the underlying civil forfeiture matter.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2018 CO 51

### Supreme Court Case No. 17SA113

*Original Proceeding Pursuant to C.A.R. 21*
Adams County District Court Case No. 16CV32106
Honorable Emily E. Anderson, Judge

### In Re

### Plaintiff:

The People of the State of Colorado,

v.

### Defendants:

Alyse Elaine Shank and Six Thousand Fourteen Dollars in United States Currency.

### Rule Made Absolute

*en banc*
June 11, 2018

**Attorneys for Plaintiff:**
Dave Young, District Attorney, Seventeenth Judicial District
Cameron M. Munier, Senior Deputy District Attorney
  *Brighton, Colorado*

**Attorneys for Defendants:**
Douglas K. Wilson, Public Defender
Andrea R. Gammell, Lead Deputy Public Defender
  *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1   In this original proceeding, we consider whether the Office of the State Public Defender ("the P.D.")[1] is authorized to represent an indigent party in a civil forfeiture proceeding.  The People argue that the P.D. does not have statutory authority to enter its appearance in civil forfeiture matters.  The respondent, Alyse Elaine Shank, asserts that the statute that authorizes the P.D. to represent indigent defendants in criminal proceedings contains a general grant of authority for the P.D. to appear in any case where the P.D. deems such representation to be in the interest of justice.  We granted the district attorney's C.A.R. 21 petition to show cause why the trial court did not err in denying the People's motion to disqualify the public defender.

¶2   We hold that the statute authorizing public defenders to represent indigent defendants does not extend to civil forfeiture actions.  Thus, the trial court erred by denying the People's motion to disqualify.  Accordingly, we make our rule to show cause absolute.

## I.  Facts and Procedural History

¶3   The People charged Shank with three drug offenses, including one alleging distribution.  She was appointed a public defender.  The People later brought a civil forfeiture action related to the criminal charges.  In that case, the People sought forfeiture of the proceeds of Shank's alleged crimes pursuant to section 16-13-303(6), C.R.S. (2017).  The P.D. entered its appearance on Shank's behalf and contested the

---

[1] In this case, we refer to both the Office of the State Public Defender and individual public defenders, both Shank's and in general.  For the former, we use "the P.D."; for the latter, we use "public defender(s)."

forfeiture. In response, the People sought to disqualify the public defender from representing Shank, alleging that the P.D. lacked the authority to appear in the case because the statutes governing public defender representation did not authorize representation in civil forfeiture cases.

¶4 Shank argued that the P.D. has the statutory authority to "[p]rosecute any appeals or other remedies" that the P.D. "considers to be in the interest of justice," and that therefore representation in the civil forfeiture matter was statutorily authorized because the P.D. did in fact determine such representation to be in the interest of justice. The trial court agreed, adopting the public defender's position and denying the People's motion to disqualify. The district attorney then sought relief under C.A.R. 21 and we issued a rule to show cause.

## II. Original Jurisdiction

¶5 This case is an original proceeding under C.A.R. 21, an extraordinary remedy solely within the discretion of this court. This court will generally elect to hear cases pursuant to C.A.R. 21 only when the normal appellate process would prove inadequate or when there is an overriding public interest in a swift and certain resolution of the case. See People v. Steen, 2014 CO 9, ¶ 8, 318 P.3d 487, 490. This case raises an important question of statutory interpretation with potential statewide ramifications. Additionally, the underlying facts at issue—the P.D.'s appearance in the forfeiture matter—could not, as a practical matter, be remedied on appeal because the trial would already have been completed by the time the court of appeals could review it through

3

the normal appellate process. We therefore exercise our discretion under C.A.R. 21 to hear this case.

## III. Standard of Review

¶6 Whether the statutory framework governing public defender representation permits the P.D. to appear in the civil forfeiture case presents a question of statutory interpretation that we review de novo. See Jefferson Cty. Bd. of Equalization v. Gerganoff, 241 P.3d 932, 935 (Colo. 2010). We begin by looking to the plain language of the statute, construing words and phrases according to the rules of grammar and common usage. Id. In determining the meaning of a statute, our central task is to give effect to the General Assembly's intent. Id. To this end, we read the statute as a whole and seek to give consistent, harmonious, and sensible effect to all its parts. Id.

## IV. Analysis

¶7 Shank makes two arguments that we address before considering the substantive question of whether the P.D.'s appearance is statutorily authorized. First, she challenges the district attorney's standing to contest the P.D.'s representation. We reject this challenge and conclude that the district attorney has standing because the district attorney has broad statutory authority to appear in matters to which the People are a party and may properly seek opposing counsel's disqualification in the civil forfeiture case just as private counsel may. Second, Shank challenges this court's authority to review the P.D.'s representation. We find her emphasis on the putative unreviewability of the P.D.'s "interest of justice" determination misplaced. The issue in this case is whether the P.D.'s representation of Shank in the forfeiture matter is authorized by

4

statute. Statutory interpretation is the duty of the courts, and therefore it is within this court's purview to review the public defender's appearance because that appearance is predicated on the existence of statutory authority. After resolving these preliminary matters, we then turn our attention to the P.D.'s authority to represent indigent defendants in civil forfeiture actions.

¶8 The statutory framework governing public defenders is principally contained in sections 21-1-103 and -104, C.R.S. (2017). The former enumerates the types of cases in which a public defender may appear, and the latter clarifies the duties of a public defender when appearing pursuant to section 103. Looking to the plain language of these complementary sections, we conclude that the public defender was not authorized to represent Shank in the civil forfeiture matter. The section Shank relies on — section 104(1)(b) — does not provide authority for the P.D. to appear in any case where it deems representation to be in the interest of justice. Hence, we reject the P.D.'s interpretation of section 104(1)(b), and hold that the statute authorizing public defenders to represent indigent defendants does not extend to civil forfeiture actions.

**A. Standing**

¶9 Standing is a jurisdictional prerequisite that can be raised at any time during the proceedings; if there is no standing, the court must dismiss the case. See Ainscough v. Owens, 90 P.3d 851, 855 (Colo. 2004). In considering questions of standing, the broad question is whether the plaintiff has stated a claim for relief which should be entertained in the context of a trial on the merits. Wimberly v. Ettenberg, 570 P.2d 535, 539 (Colo. 1977). In most cases, standing is a question of whether the plaintiff may

bring a particular cause of action against another party, rather than a question of whether a party may file a particular motion when they are already a party to the proceeding. When faced with standing challenges to particular motions, we have found a detailed analysis of the generally applicable standing test to be unnecessary. See, e.g., People v. Brothers, 2013 CO 31, ¶¶ 8–13, 308 P.3d 1213, 1215–16 (resolving the defense's challenge to the district attorney's motion to quash their subpoenas without application of the standing test applied in Wimberly and Ainscough); People v. Spykstra, 234 P.3d 662, 666–67 (Colo. 2010) (same). In Spykstra, we held that the district attorney had standing to contest the defense subpoenas because he has a broad statutory grant of authority to appear in matters to which he is a party. Spykstra, 234 P.3d at 667 (noting that "a district attorney has the general authority to appear and participate in proceedings to which the People of the State are party" and no superior authority applied to prohibit the district attorney from moving to quash the subpoenas). With these general principles in mind, we turn to Shank's argument that the district attorney in this case lacks standing to seek disqualification of her public defender.

¶10     Relying on the Wimberly test, Shank urges this court to hold that the district attorney lacks standing because he suffers no harm to a legally cognizable interest from the fact of her public defender's representation. She argues that the district attorney's burden of proof remains the same, that there is no legal right to litigate without opposing counsel, and that therefore the district attorney does not suffer any harm to a legally protected right. However, Shank's reliance on application of the Wimberly test is misplaced. The district attorney had specific statutory authorization to bring the civil

6

forfeiture action, and may seek opposing counsel's disqualification in that case just as private counsel may. Further, the statutes governing district attorneys provide a broad grant of authority to appear in matters to which the People are a party, and thus formal application of the Wimberly test is unnecessary.

¶11    The district attorney is statutorily authorized to bring forfeiture actions pursuant to section 16-13-307(4), C.R.S. (2017).[2] Shank does not challenge the district attorney's standing to have brought the civil forfeiture matter in the first instance, only his standing to seek her public defender's disqualification. But counsel in a civil action may seek the opposing counsel's disqualification, see, e.g., Fognani v. Young, 115 P.3d 1268, 1271–72 (Colo. 2005), and forfeiture proceedings are civil cases. See People v. $11,200.00 U.S. Currency, 2013 CO 64, ¶ 13 n.4, 313 P.3d 554, 558 n.4 ("A civil forfeiture action is an action in rem viewed as an action against property rather than a person, with the offending inanimate objects characterized as the defendants. . . . Such actions are civil in nature and the rules of civil procedure apply." (citation omitted)); see also § 16-13-307(3) (providing that actions to abate public nuisances shall be governed by the Colorado rules of civil procedure). Additionally, section 20-1-102(1)(a), C.R.S. (2017), which governs district attorneys' authority to appear on behalf of the People, provides a general grant of authority for the district attorney to "appear in . . . all . . . proceedings . . . wherein the state or the people thereof . . . may be a party." Therefore the district attorney, through the People's status as a party in the underlying civil

---

[2] Civil forfeiture proceedings are brought pursuant to Colorado's Public Nuisance statute. See People v. Lot 23, 735 P.2d 184, 187 (Colo. 1987).

7

forfeiture action, has standing to seek opposing counsel's disqualification unless an applicable rule or statute provides to the contrary. Shank cites no authority that would compel us to depart from the generally applicable principles recognized above. We therefore conclude that the district attorney had standing to seek disqualification of Shank's public defender.

¶12 Having resolved the standing question, we now proceed to the next preliminary matter of whether this court has the authority to review the putative statutory authorization for the P.D. to appear in this case.

## B. Reviewability

¶13 Shank next argues that this court does not have the authority to review the P.D.'s representation in this matter because the P.D.'s determination that their representation of Shank is "in the interest of justice" is an exercise of administrative discretion entrusted to an independent agency and therefore not subject to judicial review. Shank asserts that a public defender's representation of a party should be subject to review only so far as a private counsel's representation would be. But private counsel's appearance in a civil case is not conditioned on a grant of statutory authority, and whether the P.D. has the authority to represent indigent defendants in civil forfeiture actions is a question of statutory interpretation before it is an issue of administrative discretion.

¶14 Statutory interpretation is the quintessential function of the courts. The issue of the P.D.'s discretion under the statute necessarily requires that the statute provide an antecedent grant of authority. In other words, the statute must give the P.D. the

8

discretion to appear in a case before the P.D. can decide whether or not to exercise that discretion. This is about what the statute authorizes, not how the P.D. exercises its discretion.

¶15     We conclude that we have authority to review the P.D.'s representation in the underlying civil forfeiture case because the P.D. claims specific statutory authorization for that representation and whether the statute does authorize such representation is a question of law for the courts. Having disposed of the two preliminary questions in this case, we now turn to the substantive question of statutory interpretation at the heart of this case.

## C. The Scope of the Public Defender's Authority

¶16     This case concerns the scope of the public defender's statutory authority, and thus we must begin with a brief overview of the statutory framework. As relevant here, the P.D.'s representation of indigent defendants is governed by sections 21-1-103 and -104. Section 103, titled "Representation of Indigent Persons," limits the types of cases in which a public defender may represent a party to those in which an indigent defendant is charged with a crime, juvenile matters, or when an indigent person is held in an institution against his or her will:

> The state public defender shall represent indigent persons charged in any court with crimes which constitute misdemeanors and in which the charged offense includes a possible sentence of incarceration; juveniles upon whom a delinquency petition is filed or who are in any way restrained by court order, process, or otherwise; persons held in any institution against their will by process or otherwise for the treatment of any disease or disorder or confined for the protection of the public; and such persons charged with municipal code violations as the state public

9

defender in his or her discretion may determine, subject to review by the court . . . .

§ 21-1-103(2), C.R.S. (2017).

¶17     Section 104, titled "Duties of Public Defender," clarifies the duties of a public defender "only after the conditions of [section 103] have been met," i.e., when already appearing in an authorized type of case:

> (1) When representing an indigent person, the state public defender, <u>only after the conditions of section 21-1-103 have been met</u>, shall:
>  . . . .
> (b) <u>Prosecute any appeals or other remedies before or after conviction that the state public defender considers to be in the interest of justice</u>, except as limited in subsection (3) of this section.

§ 21-1-104(1), C.R.S. (2017) (emphases added).  The crux of the case is section 104(1)(b), which states that a public defender "representing an indigent person . . . [and] only after the conditions of [section 103] have been met" may prosecute any remedies it considers to be in the interest of justice.

¶18     The central issue in this case is Shank's argument that section 104(1)(b) authorizes the P.D. to appear in any case where it determines such representation to be "in the interest of justice."  According to Shank, section 103 governs when the P.D. <u>must</u> represent an indigent party, whereas section 104 governs when the P.D. <u>may</u> represent a party.  Thus, Shank concludes that section 104 provides the P.D. with an independent basis to appear in this matter at their discretion.

¶19     Conversely, the People contend that section 104 provides no independent grant of authority for a public defender to appear in a case, much less an unlimited one tied to an unreviewable "in the interest of justice" determination.  Rather, section 104 simply

10

clarifies the duties of a public defender when appearing in a case authorized pursuant to section 103.

¶20 To resolve this question, we consider the plain language in section 104, and particularly its explicit reliance on prior satisfaction of section 103. Section 103(1) provides that the P.D. "shall represent . . . each indigent person who is under arrest or charged with a felony." Section 103(2) expands that scope to include misdemeanors with the possibility of imprisonment, certain juvenile proceedings, actions brought by people held by an institution against their will, and "such persons charged with municipal code violations as the state public defender in his or her discretion may determine." § 21-1-103(2). Thus, section 103 is primarily concerned with the types of actions in which a public defender may appear to represent an indigent party. The statute requires the P.D. to represent indigent parties charged with felonies or with misdemeanors that "include[] a possible sentence of incarceration" and authorizes, although it does not require, the P.D. to represent indigent parties charged with municipal code violations. Although Shank attempts to cast section 103 as entirely mandatory, the plain language of that section does not support that assertion.

¶21 In contrast, section 104 assumes that a public defender is already representing a party pursuant to section 103, coming into effect "only after the conditions of section 21-1-103 have been met." § 21-1-104(1). Thus, the plain language in section 104(1) conditions application of section 104 on satisfying the criteria in section 103. We find section 104's explicit reliance on the prior satisfaction of section 103 to be determinative. Section 104 cannot form an independent basis to provide representation because its

11

applicability is predicated on prior satisfaction of section 103. Rather, the discretion afforded by section 104(1)(b)'s "in the interest of justice" determination relates to the public defender's actions when already representing a party pursuant to section 103—strategic and tactical decisions relating to their representation, and including pre- and post-conviction remedies.

¶22 In sum, reading sections 103 and 104 together as part of an interrelated whole, we find no support for Shank's argument that the public defender may, in its discretion, represent an indigent person in a civil forfeiture action. We therefore hold that the statute authorizing public defenders to represent indigent defendants does not extend to civil forfeiture actions.

## V. Conclusion

¶23 We reach three conclusions today. First, we conclude that the district attorney in this case had standing to challenge the public defender's representation in the forfeiture proceeding because the district attorney brought the civil forfeiture case and has broad authority to appear in matters to which he is a party, which includes seeking disqualification of opposing counsel. Second, we recognize that we have the authority to review whether section 104(1)(b) permits the public defender to appear in this case. Finally, reaching the substance of the matter, we conclude that section 104(1)(b) does not authorize P.D. representation in civil forfeiture actions. We make the rule to show cause absolute.