2016 CO 3

John Andrew DOUBLEDAY, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Supreme Court Case No. 12SC916

Supreme Court of Colorado.

January 11, 2016

Attorneys for Petitioner: Douglas K. Wilson, Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado.

Attorneys for Respondent: Cynthia H. Coffman, Attorney General, John J. Fuerst III, Senior Assistant Attorney General, Denver, Colorado.

JUSTICE GABRIEL delivered the Opinion of the Court.

¶ 1 A jury found the petitioner, John Andrew Doubleday, guilty of felony murder, despite finding him not guilty, based on the affirmative defense of duress, of the charged predicate offense. A division of the court of appeals affirmed Doubleday's conviction, and we granted certiorari.[1] We now reverse.

¶ 2 Under the plain language of section 18–3–102(1)(b), C.R.S. (2015), to be convicted of felony murder, a defendant must have committed or attempted to commit one of the enumerated predicate offenses. The question presented in this case is whether Doubleday can be said to have committed the charged predicate offense of attempted aggravated robbery when he was acquitted of that offense based on the affirmative defense of duress.

¶ 3 We conclude that to establish that a defendant committed a predicate ·offense within the meaning of the felony murder statute, the prosecution must prove beyond a reasonable doubt all of the elements of the predicate offense, including the inapplicability of any properly asserted affirmative defense to the predicate offense. Because the prosecution did not meet this burden here, Doubleday's felony murder conviction cannot stand.

## I. Facts and Procedural History

¶ 4 According to Doubleday's testimony at trial, a gang member threatened to kill him

---

1. We granted certiorari to consider the following questions:
   1. Whether a defendant can be convicted of felony murder when he is acquitted of an essential element of felony murder, namely, the underlying offense.
   2. Whether, even assuming arguendo that a felony murder conviction can be upheld where the defendant is acquitted of the predicate offense due to the existence of an affirmative defense, the court of appeals erred by (1) considering the jury's response to the special interrogatory, which was prohibited by CRE 606(b), and (2) to the extent the response could be considered, concluding that it established the jurors unanimously believed the prosecution only failed to disprove duress.
   3. Whether duress is a defense to felony murder for purposes of section 18–1–708, C.R.S. (2015).

and his family if he did not repay a $1300–$1500 debt. Another gang member then hit him in the back of the head and knocked him unconscious.

¶ 5 The next night, the gang member to whom Doubleday allegedly owed the debt told Doubleday to commit a robbery in order to obtain the money due. The gang member threatened to kill Doubleday and his family if he did not return with the money, and the gang member gave Doubleday a shotgun to facilitate the robbery. One of the gang member's friends then drove Doubleday to a convenience store.

¶ 6 While attempting to rob the convenience store, Doubleday shot and killed a store clerk. He then fled.

¶ 7 Doubleday was arrested and charged with, as pertinent here, first degree murder after deliberation, first degree felony murder, and attempted aggravated robbery. Robbery or attempted robbery was the predicate offense for the felony murder charge.

¶ 8 At trial, Doubleday tendered a proposed jury instruction that stated, "If you find Mr. Doubleday not guilty of attempted aggravated robbery due to the affirmative defense of duress, or for any other reason, then you must find him not guilty of first degree murder (felony murder)." The court refused this instruction and ultimately instructed the jury that the affirmative defense of duress applied to the charge of attempted aggravated robbery but not to the charge of felony murder.

¶ 9 In the course of its deliberations, the jury submitted a question to the court, asking, "If found not guilty due to duress for aggravated robbery are we forced to eliminate first degree felony murder[?]" The jury's question then specifically referenced elements 4 and 5 of the elemental instruction for felony murder. Element 4 was "committed or attempted to commit aggravated robbery." Element 5 was "in the course of or in furtherance of committing or attempting to commit aggravated robbery, or in the immediate flight from committing or attempting to commit aggravated robbery."

¶ 10 Doubleday asked the court to answer the jury's question affirmatively. The court refused to do so, however, and responded by referring the jury to the instruction on the affirmative defense of duress, which advised the jurors that duress is an affirmative defense to aggravated robbery and attempted aggravated robbery but not to felony murder.

¶ 11 Later that day, the court told the parties that the jury had reached a verdict and asked if the prosecution was ready to receive that verdict. The prosecution responded by tendering a special interrogatory that the prosecution said was based on the above-described jury question. Over Doubleday's objection that the interrogatory was improper because the jury had already reached its verdict and because such an interrogatory would be "delving into the why of their verdict," the court agreed to submit an interrogatory to the jury. The interrogatory that the court submitted, which was a modified version of what the prosecution had tendered, provided:

> If you find the defendant GUILTY of Count 3, Attempted Aggravated Robbery, disregard this instruction.

> If you find the defendant NOT GUILTY of Count 3, Attempted Aggravated Robbery, your foreperson should check one of two lines below with an "X". Only one line should be checked, and this Interrogatory should be signed by the Foreperson. Your decision in this Interrogatory must be unanimous.

> ___ We the jury find the defendant, JOHN ANDREW DOUBLEDAY, NOT GUILTY of Attempted Aggravated Robbery because we do not believe the People proved, with the exception of the affirmative defense of duress, one or more of the elements of Attempted Aggravated Robbery beyond a reasonable doubt.

> ___ We the jury find the defendant, JOHN ANDREW DOUBLEDAY, NOT GUILTY of Attempted Aggravated Robbery because we do not believe the People disproved one or more of the elements of the affirmative defense of duress beyond a reasonable doubt.

¶ 12 The jury returned verdicts finding Doubleday guilty of second degree murder

(as a lesser included offense of first degree murder after deliberation) and of felony murder. The jury, however, found Doubleday not guilty of attempted aggravated robbery and completed the portion of the special interrogatory noting that the acquittal was based on the jury's finding that the prosecution did not disprove the affirmative defense of duress beyond a reasonable doubt.

¶ 13 Doubleday moved for a judgment of acquittal, arguing, as pertinent here, that the felony murder conviction could not stand without a conviction on the predicate felony of attempted aggravated robbery. After a hearing, the court denied this motion.

¶ 14 Subsequently, the court merged Doubleday's two murder convictions and sentenced him to life imprisonment without the possibility of parole.

¶ 15 Doubleday appealed, arguing, among other things, that (1) the felony murder conviction had to be vacated because the jury acquitted him of the predicate offense, (2) the trial court violated CRE 606(b) by submitting the special interrogatory to the jury, and (3) the felony murder conviction had to be reversed because the trial court had erroneously instructed the jury that duress was not a defense to felony murder.

¶ 16 A division of the court of appeals rejected these arguments and affirmed Doubleday's convictions. *People v. Doubleday,* 2012 COA 141, ¶¶ 1, 11–42, 70, 2012 WL 3746184. Regarding Doubleday's first contention, the division opined that the absence of duress is not an essential element of an offense that the prosecution must prove in order to establish that the defendant committed that offense. *Id.* at ¶ 27. Accordingly, the division observed that the prosecution could prove that Doubleday committed attempted aggravated robbery without necessarily proving that he was not under duress at the time. *Id.* at ¶ 28. Applying this reasoning to the facts before it, the division then concluded that because the prosecution had proved that Doubleday attempted to commit aggravated robbery as well as the other elements of felony murder, the division would not disturb Doubleday's felony murder conviction. *Id.* at ¶ 30.

¶ 17 We subsequently granted Doubleday's petition for certiorari.

## II. Analysis

¶ 18 Doubleday contends that his felony murder conviction cannot stand because the jury acquitted him of the predicate offense, which is an essential element of felony murder. We agree.

### A. Standard of Review and Rules of Statutory Construction

¶ 19 We review issues of statutory construction de novo. *People v. Smith,* 254 P.3d 1158, 1161 (Colo.2011). Our primary purpose in statutory construction is to ascertain and give effect to the intent of the General Assembly. *People v. Diaz,* 2015 CO 28, ¶ 12, 347 P.3d 621, 624. We look first to the language of the statute, giving words and phrases their plain and ordinary meanings. *Robbins v. People,* 107 P.3d 384, 387 (Colo. 2005). We read statutory words and phrases in context, and we construe them according to the rules of grammar and common usage. *Diaz,* ¶ 12, 347 P.3d at 624.

¶ 20 In addition, we must interpret a statute so as to effectuate the purpose of the legislative scheme. *Smith,* 254 P.3d at 1161. In doing so, we read the scheme as a whole, giving consistent, harmonious, and sensible effect to all of its parts. *Id.* We must avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results. *People v. Null,* 233 P.3d 670, 679 (Colo.2010). If the statute is unambiguous, we need not conduct any further statutory analysis. *Diaz,* ¶ 12, 347 P.3d at 624.

### B. Statutory Analysis

¶ 21 The felony murder statute, section 18–3–102(1)(b), provides, in pertinent part:

A person commits the crime of murder in the first degree if: ... [a]cting either alone or with one or more persons, he or she commits or attempts to commit ... robbery ... and, in the course of or in furtherance of the crime that he or she is committing or attempting to commit, or of immediate flight therefrom, the death of a

person, other than one of the participants, is caused by anyone. . . .

¶ 22 Under the plain language of this statute, to be convicted of felony murder, a defendant must have "commit[ted] or attempt[ed] to commit" one of the enumerated predicate offenses and in the course of or in furtherance of that "crime," the death of a person, other than one of the participants, must have resulted. Thus, if the defendant did not commit the predicate offense of attempted aggravated robbery, then he cannot be convicted of felony murder because the commission or attempt to commit the predicate offense is an essential element of felony murder. *Id.; see also Auman v. People,* 109 P.3d 647, 671 (Colo.2005) ("Auman's felony-murder conviction is premised upon her second degree burglary conviction. Therefore, because this burglary conviction must be reversed, so must the felony-murder conviction."); *Meads v. People,* 78 P.3d 290, 295 (Colo.2003) ("[A] defendant cannot be convicted of felony murder unless he is guilty of an underlying qualifying offense.").

¶ 23 Although the felony murder statute does not define the term "commits," the plain and ordinary meaning of that term is "[t]o perpetrate (a crime)." *Black's Law Dictionary* 329 (10th ed. 2014). The fact that the felony murder statute requires the commission of a predicate *crime* is also reflected in the statute's language, which establishes as an element of felony murder, "in the course of or in furtherance of the *crime* that he or she is committing or attempting to commit." § 18–3–102(1)(b) (emphasis added).

¶ 24 In our criminal code, "[t]he terms 'offense' and 'crime' are synonymous and mean a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed." § 18–1–104(1), C.R.S. (2015). Accordingly, to establish the commission of a predicate "crime" within the meaning of section 18–3–102(1)(b), the prosecution must prove beyond a reasonable doubt the violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed. This, in turn, requires the prosecution to prove beyond a reasonable doubt each of the elements of that crime. *See People v. Morgan,* 637

P.2d 338, 345 (Colo.1981) (noting that for purposes of felony murder, the prosecution must prove the homicide and all elements of the underlying felony beyond a reasonable doubt). And, contrary to the People's assertion here and the division's ruling below, for purposes of the felony murder statute, the elements of the predicate offense necessarily include the inapplicability of a properly asserted affirmative defense. To conclude otherwise would be inconsistent with the foregoing definition of a "crime," because if an affirmative defense has been established, then a defendant has not violated a state statute for which a fine or imprisonment may be imposed and therefore has not committed a crime. *See* § 18–1–104(1).

¶ 25 Our criminal code and applicable case law fully support this interpretation. For example, section 18–1–407(2), C.R.S. (2015), provides, "If the issue involved in an affirmative defense is raised, then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense." Moreover, applying this statutory language, we have consistently observed that "a properly raised affirmative defense is treated as though it were another element of [the] offense [at issue]." *People v. Garcia,* 113 P.3d 775, 784 (Colo.2005); *see also People v. Pickering,* 276 P.3d 553, 555 (Colo.2011) ("In Colorado, if presented evidence raises the issue of an affirmative defense, the affirmative defense effectively becomes an additional element, and the trial court must instruct the jury that the prosecution bears the burden of proving beyond a reasonable doubt that the affirmative defense is inapplicable."); *Bailey v. People,* 630 P.2d 1062, 1069 (Colo.1981) ("Because duress is an affirmative defense the prosecution must establish beyond a reasonable doubt the defendant's guilt as to that issue.").

¶ 26 Accordingly, we hold that in order to establish that a defendant has committed or attempted to commit a predicate offense so as to support a felony murder conviction, the prosecution must prove beyond a reasonable doubt all elements of that predicate offense, including the inapplicabili-

ty of any properly asserted affirmative de-fense.

## C. Application

¶ 27 Here, the jury acquitted Doubleday of the predicate crime of attempted aggravated robbery, and the jurors' answer to the special interrogatory established that the acquittal was based on the fact that the prosecution did not disprove the affirmative defense of duress beyond a reasonable doubt. Applying our foregoing statutory analysis, we thus conclude that (1) the prosecution did not prove all of the requisite elements of the predicate offense of attempted aggravated robbery; (2) as a result, the prosecution did not establish that Doubleday committed the crime of attempted aggravated robbery, which was an essential element of the felony murder charge; and (3) therefore, Doubleday's felony murder conviction cannot stand.

¶ 28 We are not persuaded otherwise by the People's effort to draw a distinction in the felony murder statute between the commission of and a conviction for a crime. The People cite no applicable authority or legislative history supporting this distinction, and we have seen none. To the contrary, all of the cases that we have seen that have construed statutory schemes similar to Colorado's have concluded that a defendant cannot be convicted of felony murder if he or she committed the predicate felony under duress. *See, e.g., People v. Anderson*, 28 Cal.4th 767, 780, 784, 122 Cal.Rptr.2d 587, 50 P.3d 368, 379 (2002) (opining that although duress is not a defense to murder, "[i]f one is not guilty of the underlying felony due to duress, one cannot be guilty of felony murder based on that felony"); *People v. Serrano*, 286 Ill. App.3d 485, 222 Ill.Dec. 47, 676 N.E.2d 1011, 1015 (1997) (concluding, notwithstanding the People's statute-based argument that compulsion is not a defense to murder, that a "defendant cannot be guilty of felony murder if he was compelled to commit the underlying felony").

¶ 29 We likewise are unpersuaded by the People's suggestion that the duress statute, section 18–1–708, establishes the asserted distinction between commission of and conviction for a crime.

¶ 30 Section 18–1–708 provides, in pertinent part:

A person may not be convicted of an offense, other than a class 1 felony, based upon conduct in which he engaged at the direction of another person because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist.

¶ 31 We perceive nothing in this language suggesting that the use of the word "convicted" is somehow pertinent to our interpretation of the word "commits" in the felony murder statute. Nor have the People cited any applicable authority or legislative history to support such a contention.

¶ 32 Accordingly, we reverse the judgment of the court of appeals and remand to that court with instructions that the court vacate Doubleday's conviction and sentence for felony murder and remand for further proceedings.

¶ 33 In light of this disposition, we need not address Doubleday's alternative grounds for reversal of his felony murder conviction.

## III. Conclusion and Remand Order

¶ 34 For these reasons, the judgment of the court of appeals is reversed, and the case is remanded to that court with instructions that the court vacate Doubleday's conviction and sentence on the felony murder charge and remand the case to the trial court for reinstatement of the second degree murder charge and sentencing on that count.