Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 18, 2020

**2020 CO 40**

**No. 18SC577, *McCulley v. People*—Sex Offender Registration—Petition for Removal from Registry.**

Section 16-22-113(3)(c), C.R.S. (2019), of the Colorado Sex Offender Registration Act ("SORA") bars an individual who "has more than one conviction" for unlawful sexual behavior from petitioning a court to discontinue the requirement to register as a sex offender. A defendant who had pled guilty to two charges involving unlawful sexual behavior but later had one charge dismissed following the successful completion of a deferred judgment appealed an order finding him ineligible for removal from the registry based on the bar in section 16-22-113(3)(c).

Construing the language of section 16-22-113(3)(c) in the context of SORA as a whole and considering the commonly understood legal effect of a successfully completed deferred judgment, the supreme court holds that a "conviction" for purposes of the eligibility bar in section 16-22-113(3)(c) does not include a successfully completed deferred judgment. Accordingly, the supreme court

reverses the judgment of the court of appeals affirming the order finding the defendant ineligible to petition for removal from the sex offender registry.

**2020 CO 40**

**Supreme Court Case No. 18SC577**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA1787

**Petitioner:**

Brian Keith McCulley,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Reversed**
*en banc*
May 18, 2020

**Attorneys for Petitioner:**
Reppucci Law Firm, P.C.
Jonathan D. Reppucci
    *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Kevin E. McReynolds, Assistant Attorney General
    *Denver, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.
**JUSTICE BOATRIGHT** dissents, and **CHIEF JUSTICE COATS** and **JUSTICE HOOD** join in the dissent.

¶1    The Colorado Sex Offender Registration Act ("SORA") bars an individual who "has more than one conviction" for unlawful sexual behavior from petitioning a court to discontinue the requirement to register as a sex offender. § 16-22-113(3)(c), C.R.S. (2019).  The question in this case is whether a defendant who has successfully completed a deferred judgment nonetheless still "has [a] conviction" for purposes of the bar in section 16-22-113(3)(c).

¶2    Construing the language of the statute as a whole in the context of the overarching statutory scheme, and considering the commonly understood legal effect of a successfully completed deferred judgment as set forth in section 18-1.3-102(2), C.R.S. (2019), we conclude that a "conviction" for purposes of the bar in section 16-22-113(3)(c) does not include a successfully completed deferred judgment.  Because the defendant in this case successfully completed his deferred judgment, he no longer "has more than one conviction" for purposes of section 16-22-113(3)(c) and is therefore eligible to petition the court to discontinue his duty to register.  Accordingly, we reverse the judgment of the court of appeals and remand the matter for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶3    In 2000, as part of a plea agreement, Brian Keith McCulley pled guilty to one count of second degree sexual assault under section 18-3-403(1)(a), C.R.S. (2000) (a class 4 felony), pursuant to a four-year deferred judgment and sentence.  Under

the agreement, McCulley also pled guilty to one count of third degree sexual assault in violation of section 18-3-404(1)(c), C.R.S. (2000) (a class 1 misdemeanor).[1] The district court accepted the plea agreement, and McCulley received a four-year deferred judgment and sentence on the felony charge.[2] The court entered judgment of conviction on the misdemeanor and sentenced McCulley to sixty days in jail and two years of probation. The only condition of probation was that McCulley comply with the terms of the deferred judgment. As a condition of his deferred judgment, McCulley was required to register as a sex offender, which he did.

¶4 In 2004, McCulley successfully completed the terms of his deferred judgment and sentence. The district court ordered McCulley's guilty plea withdrawn and dismissed the felony charge. Thus, only a single judgment of conviction ultimately entered in McCulley's case—on the misdemeanor. McCulley continued to register as a sex offender.

---

[1] The two counts related to separate criminal episodes involving the same victim; the felony occurred in February 1998, and the misdemeanor occurred in August 1995.

[2] At the time of the 2000 plea agreement, the deferred sentencing statute was located at section 16-7-403, C.R.S. (2000). That statute, as relocated and amended, is now codified at section 18-1.3-102.

¶5    In 2016, McCulley filed a petition with the district court under section 16-22-113, seeking to discontinue the requirement that he register as a sex offender. As grounds for his petition, McCulley relied on section 16-22-113(1)(b), which permits an offender convicted of third degree sexual assault (as that offense existed when McCulley pled guilty) to petition for removal from the sex offender registry ten years after the offender's "final release from the jurisdiction of the court for such offense."[3]

¶6    The People opposed McCulley's petition, citing an exception in section 16-22-113(3)(c), which states that a person is not eligible for relief under the statute if he "has more than one conviction" for unlawful sexual behavior. The People observed that SORA broadly defines "conviction" to include "having received a deferred judgment and sentence." § 16-22-102(3), C.R.S. (2019). Because McCulley received a deferred judgment and sentence as part of his plea agreement, the

---

[3] We note that section 16-22-113(1)(d) also permits an offender who "was required to register due to being placed on a deferred judgment and sentence . . . for an offense involving unlawful sexual behavior" to petition to deregister "after the successful completion of the deferred judgment and sentence . . . and dismissal of the case" if the person has not been subsequently convicted of an offense involving unlawful sexual behavior and certain other requirements are met. § 16-22-113(1)(d), (1.3)(a). Here, because McCulley had the outstanding misdemeanor conviction, section 16-22-113(1)(b) governed the timing of his petition for relief under the statute.

4

People argued, he was ineligible to petition the court to discontinue sex offender registration, even though he "ultimately successfully completed" the deferred judgment. The trial court agreed and denied McCulley's petition, reasoning "it only matters whether the person *has been convicted* of more than one charge of unlawful sexual behavior." (Emphasis added.)

¶7 McCulley moved for reconsideration, citing the court of appeals' decision in *People v. Perry*, 252 P.3d 45 (Colo. App. 2010), which held that for purposes of section 16-22-113(3)(b) (an adjacent provision of the statute), a successfully completed deferred judgment and sentence is not a "conviction." *Perry*, 252 P.3d at 49. Relying on the holding in *Perry*, McCulley contended that a successfully completed deferred judgment does not constitute a "conviction" under section 16-22-113(3), and because he stands convicted of only the misdemeanor, he is eligible to petition for deregistration.

¶8 The district court declined to reverse course. It acknowledged that once successfully completed, a deferred judgment generally "no longer . . . constitutes a conviction." However, the court opined that "the legislative intent [of SORA] was that [offenders] would have to continue to register even if they had successfully completed a deferred sentence."

¶9 McCulley appealed. A unanimous panel of the court of appeals affirmed the district court's order, reasoning that SORA's definition of "conviction"

5

includes "having received a deferred judgment" and that unlike the contextual concerns that animated the *Perry* division's interpretation of subsection (3)(b), nothing in the language or context of section 16-22-113(3)(c) suggested an intent for the definition of "conviction" to carry a different meaning. *People v. McCulley*, 2018 COA 90, ¶¶ 10–15, __ P.3d __. We granted certiorari review.[4]

## II. Legal Principles

### A. Standard of Review and Principles of Statutory Construction

¶10     The construction of a statute is a question of law, which we review de novo. *Doubleday v. People*, 2016 CO 3, ¶ 19, 364 P.3d 193, 196. In construing a statute, our primary purpose is to ascertain and give effect to the legislature's intent. *Id.* To do so, we look first to the language of the statute, giving its words and phrases their plain and ordinary meaning. *Id.* "We read statutory words and phrases in context, and we construe them according to the rules of grammar and common usage." *Id.* We must interpret the statute as a whole and in the context of the entire statutory scheme, giving consistent, harmonious, and sensible effect to all

---

[4] We granted certiorari to review the following issue:

> Whether the court of appeals erred by concluding that the term 'conviction' as used in section 16-22-113(3)(c), C.R.S. (2018), of the Colorado Sex Offender Registration Act (SORA) includes a successfully completed deferred judgment.

its parts.  *Id.* at ¶ 20, 364 P.3d at 196; *see also Whitaker v. People*, 48 P.3d 555, 558 (Colo. 2002) ("We must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible.").

## B.  Deferred Judgments

¶11    A deferred judgment and sentence is a unique dispositional alternative to the traditional guilty plea.  *Finney v. People*, 2014 CO 38, ¶ 14, 325 P.3d 1044, 1050. Under the deferred sentencing statute, a court accepting a defendant's guilty plea may (with the consent of the defendant, his counsel, and the district attorney) postpone entry of judgment of conviction and imposition of sentence for up to four years.  § 18-1.3-102(1)(a); *Finney*, ¶ 14, 325 P.3d at 1050; *Kazadi v. People*, 2012 CO 73, ¶ 12, 291 P.3d 16, 20.  As a condition of continuing the case, the court is empowered to implement probation-like conditions of supervision. § 18-1.3-102(2); *Kazadi*, ¶ 12, 291 P.3d at 20.

¶12    If the defendant fully complies with the conditions of the deferred judgment and sentencing agreement, "the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."  § 18-1.3-102(2).  But if the defendant violates the conditions of the agreement, the court may "revoke the deferral and enter judgment and sentence upon his guilty plea."  *Kazadi*, ¶ 13, 291 P.3d at 20 (citing § 18-1.3-102(2)).  In short, "a deferred judgment is a privilege,

where the defendant is the primary beneficiary of a procedure that ultimately may result in dismissal of the charges against him or her." *People v. Manzanares*, 85 P.3d 604, 607 (Colo. App. 2003).

¶13 We have held that in a deferred judgment and sentence agreement, the court's acceptance of the defendant's guilty plea "yields a conviction." *M.T. v. People*, 2012 CO 11, ¶ 11, 269 P.3d 1219, 1221; *see also* § 16-7-206(3), C.R.S. (2019) ("The acceptance by the court of a plea of guilty . . . acts as a conviction for the offense."). In other words, during the pendency of the deferred judgment and sentence period, a defendant may be treated for some purposes as "convicted," even though no judgment of conviction has entered. *See, e.g.*, *Hafelfinger v. Dist. Court*, 674 P.2d 375, 377 (Colo. 1984) (holding that a defendant whose deferred judgment and sentence had not yet been completed had a conviction for purposes of a statute governing personal recognizance bonds).

¶14 But as noted, upon the successful completion of the conditions of the deferred judgment and sentence agreement, the defendant's previously entered guilty plea "shall be withdrawn" and the charge "shall be dismissed with prejudice." § 18-1.3-102(2); *see also M.T.*, ¶ 11, 269 P.3d at 1221. Accordingly, a defendant in this situation generally is no longer "convicted." *Hafelfinger*, 674 P.2d at 377 n.3. *But see M.T.*, ¶ 1, 269 P.3d at 1220 (concluding that a successfully completed and dismissed deferred judgment constitutes a "conviction" for

purposes of section 24-72-308(3)(c), C.R.S. (2019), which prohibits the sealing of records "pertaining to a conviction" involving unlawful sexual behavior).

## C. Sex Offender Registration Act

¶15     SORA, §§ 16-22-101 to -115, C.R.S. (2019), provides for a "centralized registration system to track offenders in order to 'protect the community and . . . aid law enforcement officials in investigating future sex crimes.'" *Ryals v. City of Englewood*, 2016 CO 8, ¶ 60, 364 P.3d 900, 912 (Hood, J., concurring in part and dissenting in part) (omission in original) (quoting *People v. Carbajal*, 2012 COA 107, ¶ 37, 312 P.3d 1183, 1189).  Relevant here, section 16-22-103(2)(a), C.R.S. (2019), states that "any person who is convicted in the state of Colorado of unlawful sexual behavior . . . shall be required to register" as a sex offender.

¶16     However, section 16-22-113 of SORA allows individuals to petition the court to deregister under certain circumstances.  § 16-22-113(1) ("Except as otherwise provided in subsection (3)" of section -113, "any person required to register pursuant to section 16-22-103 . . . may file a petition with the court . . . for an order to discontinue the requirement for such registration" as set forth in the statute.).

¶17     Relevant here, section 16-22-113(1)(d) expressly provides that a person (such as McCulley) who was required to register "due to being placed on a deferred

9

judgment and sentence . . . for an offense involving unlawful sexual behavior," can petition for removal from the registry

> after the successful completion of the deferred judgment and sentence . . . if the person prior to such time has not been subsequently convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior and the court did not issue an order either continuing the duty to register or discontinuing the duty to register.

*Id.*[5]

¶18    In addition, section 16-22-113(1)(b) provides that a person (such as McCulley) convicted of the class 1 misdemeanor of "sexual assault in the third degree as described in section 18-3-404, C.R.S., as it existed prior to July 1, 2000," may petition the court for an order discontinuing the duty to register "after a period of ten years from the date of such person's . . . final release from the jurisdiction of the court for such offense, if such person has not subsequently been convicted of unlawful sexual behavior."

¶19    But section 16-22-113(3) also provides that certain offenders "are not eligible" for deregistration. This exception includes "[a]ny person who is a

---

[5] Section 16-22-108(1)(d)(I), C.R.S. (2019), of SORA correspondingly recognizes that a person convicted of felony sexual assault has "a duty to register for the remainder of his or her natural life; except that, if the person receives a deferred judgment and sentence . . . the person's duty to register may discontinue as provided in section 16-22-113(1)(d)."

sexually violent predator," "[a]ny person who is convicted as an adult" of certain enumerated sexual offenses, and—critically here—"[a]ny adult who *has more than one conviction . . .* for unlawful sexual behavior in this state or any other jurisdiction." (Emphasis added.)

¶20 SORA defines both "convicted" and "conviction" as "having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or *having received a deferred judgment and sentence* or a deferred adjudication." § 16-22-102(3) (emphasis added). This definition of "conviction" does not expressly address successfully completed deferred judgments and sentences. *Id.* Also, SORA's definition of "conviction" applies for purposes of the Act "unless the context otherwise requires." § 16-22-102.

¶21 Context is what drove the court of appeals' analysis in *Perry*. In that case, a division of the court of appeals addressed whether a person who has successfully completed a deferred judgment on an offense nonetheless "is convicted" of the offense for purposes of section 16-22-113(3)(b) and is therefore ineligible to petition to deregister. *Perry*, 252 P.3d at 48. The court concluded that, viewed in context, the phrase "is convicted" in subsection (3)(b) does not encompass a successfully completed deferred judgment. *Id.* at 49.

¶22 The defendant in *Perry* pled guilty to sexual assault on a child. *Id.* at 46. He successfully completed a deferred judgment and sentence, and the court dismissed the charge. *Id.* at 47. The defendant thereafter petitioned the court to deregister under section 16-22-113(1)(d). *Id.* The court denied the petition, reasoning that section 16-22-113(3)(b) states that any person who "*is convicted*" as an adult of sexual assault on a child is ineligible to petition to deregister, and, in its view, an offender "is convicted" of an offense when he receives a deferred judgment — regardless of the ultimate disposition of the case. *Id.* at 47–48.

¶23 The court of appeals reversed the order. It acknowledged that, "[i]f read in a vacuum," the SORA definition of "convicted" could be construed to encompass a successfully completed deferred judgment, even though no judgment of conviction ever entered, "because, arguably, an offender who has received a deferred judgment does not lose his status as a past *recipient* of a deferred judgment when the case is dismissed based on his successful completion." *Id.* at 48. But reading the statute as a whole, the division concluded that a person no longer "is convicted" for purposes of subsection (3)(b) after the successful completion of the deferred judgment and dismissal of the case. *Id.* at 49–50. The division reached this conclusion for three reasons.

¶24 First, it reasoned that to construe the phrase "is convicted" to include a successfully completed deferred judgment would conflict with section

12

16-22-108(1)(d)(I), which states that a person who receives a deferred judgment and sentence for sexual assault on a child "may petition the court for discontinuation of the duty to register as provided in section 16-22-113(1)(d)." *Id.* at 48–49 (quoting § 16-22-108(1)(d)(I)). In other words, it would make no sense to construe "is convicted" in section 16-22-113(3)(b) to disallow what section 16-22-108(1)(d)(I) expressly allows. *Id.* Thus, to ensure that the language in section 16-22-108(1)(d)(I) permitting an offender who successfully completed a deferred judgment to petition for deregistration retained meaning, the court interpreted the phrase "is convicted" in subsection (3)(b) not to encompass a successfully completed deferred judgment. *Id.*

¶25 Second, it reasoned that to construe the phrase "is convicted" to include a successfully completed deferred judgment would be at odds with the General Assembly's "deliberate decision to speak in the present tense, rather than referring to persons who had been *previously* convicted of an enumerated disqualifying offense." *Id.* at 49.

¶26 Third, it concluded that to read the phrase "is convicted" in subsection (3)(b) to include a successfully completed deferred judgment would be inconsistent with precedent from other contexts recognizing that a successfully completed deferred judgment no longer constitutes "a conviction." *Id.* (collecting cases).

13

### III. Analysis

¶27 The question before us is whether a defendant who successfully completes a deferred judgment nevertheless "has [a] conviction" for purposes of the eligibility bar in section 16-22-113(3)(c). If a successfully completed deferred judgment counts as a "conviction," McCulley is ineligible to petition to deregister because he "has more than one conviction" for unlawful sexual behavior. But if, like subsection (3)(b) discussed in *Perry*, the context of subsection (3)(c) indicates that a "conviction" does not include a successfully completed deferred judgment, then McCulley has only one conviction for unlawful sexual behavior—the misdemeanor to which he pled guilty—and he is therefore eligible to petition the court for an order discontinuing his requirement to register.

¶28 We find the court of appeals' analysis in *Perry* both instructive and persuasive here and similarly conclude that the context of subsection (3)(c) dictates that a person who has successfully completed a deferred judgment no longer "has [a] conviction" for purposes of that provision.

¶29 First, as in subsection (3)(b), the language in subsection (3)(c) uses the present tense. It renders ineligible any adult who "*has* more than one conviction" for unlawful sexual behavior, not any adult who "has been previously convicted" of such unlawful conduct. § 16-22-113(3)(c) (emphasis added). We must give meaning to the General Assembly's present tense phrasing. As noted, during the

14

*pendency* of a deferred judgment and sentence period, a defendant may be treated as having a "conviction" even though no judgment of conviction has entered. But upon his *successful completion* of the deferred judgment, the defendant's previously entered guilty plea "shall be withdrawn" and the charge "shall be dismissed with prejudice." § 18-1.3-102(2). The defendant in this situation is no longer "convicted." *Hafelfinger*, 674 P.2d at 377 n.3.

¶30 Given the uncontroverted legal effect of a successfully completed deferred judgment, we cannot construe the phrase "has more than one conviction" in subsection (3)(c) to include successfully completed deferred judgments without altering the legislature's decision to use the present tense. To do so risks transforming the statute into requiring lifetime registration for any adult who has previously *had* more than one conviction or adjudication for unlawful sexual behavior.

¶31 The People contend that McCulley's successful completion of the deferred judgment and sentence does not change the fact that he "received a deferred judgment and sentence." Therefore, the People reason, McCulley still "has [a] conviction" for purposes of subsection (3)(c). But the People's construction of the SORA definition of "conviction" in this context is problematic. For example, the definition also includes "having received a verdict of guilty by a judge or jury." § 16-22-102(3). Under the People's logic, if the phrase "has [a] conviction" for

15

purposes of subsection (3)(c) includes "having received a verdict of guilty by a judge or jury" regardless of the ultimate disposition of the case, then even a person whose guilty verdict is overturned on appeal for insufficient evidence still "has [a] conviction" for purposes of the bar in subsection (3)(c). This absurd result can be avoided by giving effect to the present tense phrasing in subsection (3)(c) and construing "has more than one conviction" not to encompass successfully completed deferred judgments, which have been dismissed and are no longer in effect. *See State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000) (noting that courts should avoid a statutory interpretation that leads to an absurd result).

¶32 Second, construing "conviction" in section -113(3)(c) not to include successfully completed deferred judgments ensures that the words "conviction" and "convicted" have a consistent meaning throughout subsection (3). *See Perry*, 252 P.3d at 49 (concluding that "is convicted" in subsection (3)(b) does not include successfully completed deferred judgments). To give a different meaning to these words in neighboring paragraphs of the same subsection of the statute presents a trap for the unwary. Consider a defendant who is contemplating pleading guilty to two offenses for unlawful sexual behavior, the most serious of which is sexual assault on a child. The prosecution offers a plea that would give the defendant a deferred judgment on the sexual assault on a child charge. To explain the consequences of the plea, counsel for this hypothetical defendant needs to discover

16

that "is convicted" and "has a conviction" mean different things in the same subsection of section -113 and that upon successful completion of the deferred judgment, the defendant would be "convicted" of only one charge yet still have "convictions" for both charges. *Cf. Doubleday*, ¶ 20, 364 P.3d at 196 (noting that a statute should be interpreted to give "consistent, harmonious, and sensible effect" to its parts).

¶33 Finally, we note that if the phrase "has more than one conviction" in section 16-22-113(3)(c) is construed to include successfully completed deferred judgments, then another provision of section -113 is rendered superfluous. Specifically, if any successfully completed deferred judgment qualifies as a "conviction" under subsection (3)(c), then under that subsection, *any* other conviction—whether prior to, contemporaneous with, or subsequent to the deferred judgment—would disqualify an offender from deregistration. Such a construction renders superfluous the language in section 16-22-113(1)(d), which states that a person who was "required to register due to being placed on a deferred judgment and sentence . . . for an offense involving unlawful sexual behavior" can only petition to deregister if the person "has not been subsequently convicted of unlawful sexual behavior." In other words, the scenario contemplated by section -113(1)(d) already would be addressed by subsection (3)(c), such that section -113(1)(d) would no longer have independent meaning. By contrast, construing subsection

17

(3)(c) *not* to include successfully completed deferred judgments means that section 16-22-113(1)(d) has independent force within the overall framework and ensures that both provisions have independent meaning.

## IV. Conclusion

¶34    In sum, we conclude that a "conviction" for purposes of section 16-22-113(3)(c) does not include a successfully completed deferred judgment. Because McCulley successfully completed his deferred judgment, he no longer "has more than one conviction" for purposes of section 16-22-113(3)(c) and is therefore eligible to petition the court to discontinue his duty to register.[6] Accordingly, we reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

**JUSTICE BOATRIGHT** dissents, and **CHIEF JUSTICE COATS** and **JUSTICE HOOD** join in the dissent.

---

[6] We express no opinion as to the merits of McCulley's petition.

18

JUSTICE BOATRIGHT, dissenting.

¶35 The Colorado Sex Offender Registration Act ("SORA") provides a specified set of circumstances for when sex offenders can file a petition with the court for an order to discontinue the requirement that they register as a sex offender. § 16-22-113, C.R.S. (2019). SORA limits those eligible to petition the court to deregister. As relevant here, SORA bars "[a]ny adult who has *more than one conviction* or adjudication for unlawful sexual behavior" from petitioning for such relief. § 16-22-113(3)(c) (emphasis added). In SORA, the legislature broadly defined the term "conviction" to include—in contradiction to the common understanding of that term—"having received a deferred judgment and sentence." § 16-22-102(3), C.R.S. (2019).

¶36 Notwithstanding this statutory directive, the majority today concludes that a "'conviction' for purposes of the bar in section 16-22-113(3)(c) does not include a successfully completed deferred judgment" because we should consider "the commonly understood legal effect of a successfully completed deferred judgment as set forth in section 18-1.3-102(2), C.R.S. (2019)." Maj. op. ¶ 2. But that is not what the legislature chose to do in SORA. If it wanted to use the commonly understood legal effect, then it would not have said that "having received a deferred judgment and sentence" is a conviction. Additionally, if that were true, the legislature would have left deferred judgments out of the definition of

1

"conviction" altogether. It did not. Apparently with purpose, it defined deferred judgment quite differently from the commonly understood meaning. The majority, however, dismisses that legislative choice. In so doing, it reverses the court of appeals' determination that because McCulley had received both a deferred judgment and a third-degree sexual assault conviction, he was ineligible to deregister as a sex offender because the plain language of SORA dictated that he had "more than one conviction." *People v. McCulley*, 2018 COA 90, ¶ 11, __ P.3d __. I agree with the court of appeals and the rationale it applied in reaching that conclusion and, at the risk of being redundant, largely reiterate those reasons here. As defined by the legislature in SORA, McCulley has "more than one conviction." Therefore, he is ineligible to petition to discontinue the requirement that he register as a sex offender. We cannot ignore the plain language of the statute, nor the legislature's policy decision that this plain language reflects. Accordingly, I respectfully dissent.

## I. Facts

¶37 As a result of two separate incidents of sexual assault that occurred years apart involving the same victim, McCulley pleaded guilty to one count of second-degree sexual assault, a class 4 felony, and one count of third-degree sexual assault, a class 1 misdemeanor. Under the plea agreement, he received a deferred judgment for the felony and probation for the misdemeanor. A condition of his

2

deferred judgment required him to register as a sex offender. The felony charge would be dismissed following the successful completion of his deferred judgment, but the misdemeanor conviction would remain.

¶38 McCulley successfully completed his deferred judgment, and the district court dismissed the felony charge. After waiting what he believed to be the statutorily proscribed time limit of ten years after he completed his deferred judgment and his sentence for the misdemeanor, McCulley filed a petition to discontinue the requirement that he register as a sex offender.[1] The district court denied McCulley's petition because he had "more than one conviction" for unlawful sexual behavior and was thus ineligible for an order discontinuing the registration requirement under section 16-22-113(3)(c). The district court explained that despite the fact that McCulley had completed his deferred judgment, the legislature had defined conviction in section 16-22-102(3) to include "having received a deferred judgment."

---

[1] Ten years is the correct period of time for a person eligible to petition the court to discontinue registration if they have a class 3, 4, or 5 felony or a class 1 misdemeanor of unlawful sexual contact. § 16-22-113(1)(b). I use the term "believed" because the time limit described would only apply if McCulley was, in fact, eligible for deregistration.

¶39 McCulley appealed, arguing that the term "conviction" did not include a successfully completed deferred judgment. Under his interpretation, his successfully completed deferred judgment did not count as a conviction; in his view, he only had one conviction—the misdemeanor—and was therefore eligible to discontinue registering. The court of appeals, in a well-reasoned opinion, affirmed the district court because it concluded that "the plain language of SORA dictates that a deferred judgment is a 'conviction' as used in section 16-22-113(3)(c)." *McCulley*, ¶ 5. Hence, it held that because McCulley has a deferred judgment and a misdemeanor conviction for two sexual offenses, he has "more than one conviction" and was therefore ineligible to discontinue the registration requirement. *Id.* at ¶ 11.

¶40 We granted certiorari to determine whether the term "conviction" as it is used in section 16-22-113(3)(c) includes a successfully completed deferred judgment.

## II. Principles of Statutory Construction

¶41 In interpreting a statute, "our central task is to give effect to the General Assembly's intent." *People v. Shank*, 2018 CO 51, ¶ 6, 420 P.3d 240, 243. We do so by first looking at the plain language of the statute, giving its words and phrases their plain and ordinary meanings. *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389. If the language of the statute is clear, we apply it as written and need not

4

look any further.  *Id.* at ¶ 38, 442 P.3d at 389.  When the legislature defines a term, "such a definition controls wherever the term is used throughout the statute," unless "the General Assembly plainly evidenced a contrary intent."  *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 597–98 (Colo. 2005).  "We are not free to alter the General Assembly's legislative judgment . . . nor may we read a distinction into the statute that does not exist."  *People v. Abu-Nantambu-El*, 2019 CO 106, ¶ 35, 454 P.3d 1044, 1051.

### III. The Plain Language of the Statute Renders McCulley Ineligible to Discontinue the Requirement that He Register as a Sex Offender

¶42    SORA provides that a defendant who successfully completes a deferred judgment may petition the court for an order discontinuing the requirement that he register as a sex offender.  § 16-22-113(1)(d).  However, certain "persons are not eligible for [this] relief . . . but shall be subject for the remainder of their natural lives to the registration requirements specified in [SORA]."  § 16-22-113(3).  At issue here, subsection 113(3)(c) provides that "[a]ny adult who has *more than one conviction* or adjudication for unlawful sexual behavior" is not eligible for an order discontinuing his registration requirements.  § 16-22-113(3)(c) (emphasis added).  This case brings to bear the question of what is a "conviction" for the purposes of this subsection.

5

¶43 The plain language of section 16-22-102(3) provides that answer. That section dictates that a "conviction" for the purposes of SORA includes "having received a deferred judgment and sentence." In its entirety, section 16-22-102(3) states:

> "Convicted" or "conviction" means having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or *having received a deferred judgment and sentence* or a deferred adjudication.

(Emphasis added.) This statute, by its plain language, evinces the legislature's intent to treat having received a deferred judgment as a "conviction" for the purposes of SORA. The statute makes no distinction between a successfully completed deferred judgment versus an existing deferred judgment, and there is simply no exception for a defendant who has successfully completed a deferred judgment. *See People v. A.W.*, 982 P.2d 842, 849 (Colo. 1999) (declining to read an exception into a statute because the plain language of that statute admitted no exception). In fact, the statutory definition of conviction does not mention a successfully completed deferred judgment. Nor is there any language that would suggest that SORA's definition of "conviction" does not apply to section 16-22-113(3)(c). *See Upper Gunnison River*, 109 P.3d at 597–98 (explaining that "when the legislature defines a term . . . that definition governs . . . [e]xcept where the General Assembly plainly evidenced a contrary intent" (internal quotations

6

and citation omitted)). Accordingly, and contrary to the majority's conclusion, it is my view that "conviction" for the purposes of section 16-22-113(3)(c) encompasses a successfully completed deferred judgment because the statute dictates that result.

¶44 Applying the statute to the facts here, McCulley pleaded guilty to two crimes arising from two separate incidents of unlawful sexual behavior. While he received and successfully completed a deferred judgment for the felony, that deferred judgment is treated as a "conviction" under the statute. Hence, McCulley *has* two convictions, rendering him ineligible for an order discontinuing the requirement that he register as a sex offender. *See* § 16-22-113(3)(c). This outcome reflects a policy decision made by the legislature, and we cannot ignore the plain language of the statute.[2] *See United States v. Ron Pair Enters.*, 489 U.S. 235, 243 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare

---

[2] The legislature's policy decision to treat a deferred judgment as a conviction for purposes of registration is completely in line with the policy supporting sex offender registration and the purpose of the overall statutory scheme. In enacting SORA and its accompanying registration requirements, the General Assembly sought to protect the community and aid law enforcement officials in investigating future sex crimes. *See People v. Carbajal*, 312 P.3d 1183, 1189 (Colo. App. 2012). These concerns are heightened when an offender commits multiple acts of unlawful sexual contact on separate occasions, as is the case here. And these concerns and the reasons for requiring registration do not dissipate simply because an individual received and completed a deferred judgment.

cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" (citation omitted)).

¶45    I am not persuaded by the majority's reliance on section 16-22-113(3)(c)'s use of "the present tense" to reach the opposite conclusion. *See* maj. op. ¶ 29. True, section 16-22-113(3)(c) renders ineligible any adult who "*has* more than one conviction." (Emphasis added.) But equally true is that section 16-22-102(3) defines conviction to include "having received a deferred judgment." "Received" is stated in the past tense. Successfully completing a deferred judgment does not change the fact that McCulley has "*received* a deferred judgment." § 16-22-102(3) (emphasis added). Hence, applying the statutory definition that the legislature provided in section 16-22-113(3)(c), "having received a deferred judgment" is treated as a "conviction" for the purposes of section 16-22-113(3)(c) in the same manner as a conviction resulting from any other basis. I disagree with the majority's rationale that section 16-22-113(3)(c)'s use of the word "has" was intended to draw the distinction that an individual who currently has a deferred judgment is different from one who had a deferred judgment but successfully completed it. The statute simply does not draw such a distinction. In fact, because the legislature included "having received a deferred judgment" as a conviction, McCulley *has* more than one conviction under SORA, even today.

8

¶46 Unpacking the statute furthers my view that the distinction between a pending deferred judgment and a successfully completed one does not exist in the statute. Under the majority's rationale, for a deferred judgment to count as a "conviction" for the purposes of section 16-22-113(3)(c), that deferred judgment must still be pending because that section uses the present tense. Maj. op. ¶¶ 29–30. But that is illogical because in order to petition for deregistration in the first place, a defendant's deferred judgment must be completed. It cannot be pending. Under section 16-22-113(1)(b) McCulley could petition for deregistration only "after a period of ten years from the date of such person's . . . final release from the jurisdiction of the court for such offense." Thus, he could never petition under that provision while his deferred judgment was pending because he would not have been released from the jurisdiction of the court until he completed his deferred judgment. What is more, section 16-22-113(1)(d) provides that a defendant who was required to register due to being placed on a deferred judgment can petition to deregister only "after the successful completion of the deferred judgment." Under that section as well, McCulley was ineligible to petition for deregistration until his deferred judgment was completed. Accordingly, it cannot be that a deferred judgment only qualifies as a "conviction" while he "has" a deferred judgment because the deferred judgment must be completed before a defendant can even petition to deregister.

¶47    In addition to the above reasons, I also find the majority's reliance on *People v. Perry*, 225 P.3d 45 (Colo. App. 2010), unpersuasive for three reasons.

¶48    First, *Perry* involved the court of appeals' interpretation of the phrase "is convicted" as it was used in a *different subsection* in section 16-22-113(3)— subsection 113(3)(b). We are interpreting the term "conviction" as it is used in subsection 113(3)(c).

¶49    Second, and significantly, the contextual conflict that existed in *Perry* does not exist here.[3] I agree that the *Perry* division had to rely on the present-tense phrasing of "is convicted" in subsection 113(3)(b) to conclude that a successfully completed deferred judgment was not encompassed by this language because it was the only way to avoid rendering another provision in SORA superfluous. But there is no similar reason to depart from SORA's definition of "conviction" here because interpreting "conviction" as it is used in subsection 113(3)(c) to include a successfully completed deferred judgment does not create the conflict that existed in *Perry*.

---

[3] I agree with the majority that if a person was convicted but that conviction was later overturned on appeal, then it would be an absurd result to count that overturned conviction as a "conviction" for SORA registration purposes. *See* maj. op. ¶ 31. But importantly, that involves a different scenario and that hypothetical interpretation would create a "contextual conflict" similar to the one in *Perry*.

10

¶50     Third, and relatedly, applying the plain language of "conviction" as the legislature has defined does not, as the majority claims, render other provisions superfluous. *See* maj. op. ¶ 33. There is a difference between rendering a provision superfluous versus that provision being inapplicable. In my view, the majority is conflating the two here. Section 16-22-113(1)(d) permits an individual who was "required to register due to being placed on a deferred judgment" to petition to discontinue the registration requirement unless that individual has a subsequent conviction or is ineligible under the provisions in section 16-22-113(3). Contrary to the majority's suggestion, this provision retains independent meaning even if "conviction" as it is used in subsection 113(3)(c) includes a successfully completed deferred judgment. Specifically, it still applies to individuals who *only* had to register due to their *single* deferred judgment, like the defendant in *Perry*. It does not apply, however, to individuals with *multiple* offenses, as is the case here. As a result, it does not apply in McCulley's case because he received a deferred judgment for the class 4 felony and also has a conviction for the class 1 misdemeanor. Hence, McCulley is ineligible for deregistration under section 16-22-113(1)(d) because he has "more than one conviction." The fact that McCulley is not eligible under section 16-22-113(1)(d) does not render that provision superfluous. It simply means that the deferred judgment section is just inapplicable under these facts.

11

¶51 In sum, as the *McCulley* division aptly noted, "the contextual concerns that animated the holding in *Perry* simply do not arise with respect to subsection 113(3)(c)," *McCulley*, ¶ 14, and I do not believe that *Perry* is applicable in this case.

## IV. Conclusion

¶52 For the aforementioned reasons, I believe that under the plain language of the statute McCulley has "more than one conviction" for the purposes of section 16-22-113(3)(c) and is thus ineligible to petition to discontinue the requirement that he register as a sex offender. Hence, I would affirm the court of appeals' decision. Accordingly, I respectfully dissent.

I am authorized to state that CHIEF JUSTICE COATS and JUSTICE HOOD join in this dissent.