24CA0831 Peo v Meeuwsen 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0831
Arapahoe County District Court No. 19CR2889
Honorable Darren L. Vahle, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eric David Meeuwsen,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Fife Luneau, P.C., Charles L. Fife, Daniel E. Luneau, Denver, Colorado, for Defendant-Appellant

¶ 1    Eric David Meeuwsen (Meeuwsen) appeals the district court's order denying his motion to seal the records in this criminal case. We affirm.

## I.    Background

¶ 2    On February 20, 2020, Meeuwsen agreed to plead guilty to one count of stalking, a class 5 felony, and harassment, a class 3 misdemeanor, in exchange for the dismissal of a second stalking charge.  In the plea agreement, Meeuwsen stipulated to (1) a four-year deferred judgment and sentence (DJS) with supervised probation for stalking and (2) a fine for harassment.  The same day, the district court sentenced Meeuwsen in accordance with the plea agreement.  Four years later, on February 20, 2024, Meeuwsen successfully completed the conditions of his DJS, his guilty plea for stalking was withdrawn, and that charge was dismissed with prejudice.

¶ 3    On April 3, 2024, Meeuwsen moved to seal the records in this case.  The prosecution objected, citing section 24-72-706(1)(b)(II), C.R.S. 2024, which provides, as relevant here, that a defendant may not move to seal the records of a class 3 misdemeanor conviction until "two years after the later of the date of the final disposition of

1

all criminal proceedings against the defendant or the release of the defendant from supervision concerning a criminal conviction." The prosecution argued that because the final disposition of all criminal proceedings against Meeuwsen occurred on February 20, 2024, his case would become eligible for sealing on February 20, 2026.

¶ 4 In response, Meeuwsen argued that the final disposition of all criminal proceedings occurred on February 20, 2020, when he entered his plea. He also argued that he was never supervised "concerning a criminal conviction" because a DJS is not a conviction, and his misdemeanor sentence did not include supervision. *See* § 24-72-706(1)(b)(II).

¶ 5 The district court agreed with the prosecution and denied Meeuwsen's motion.

## II. Standard of Review

¶ 6 We generally review for an abuse of discretion a district court's decision whether to seal criminal records. *People v. C.H.*, 2023 COA 86, ¶ 18. A court abuses its discretion when its decision is contrary to law or manifestly arbitrary, unreasonable, or unfair. *Id.* To the extent this case presents a question of statutory interpretation, we review de novo. *See Pineda-Liberato v. People*, 2017 CO 95, ¶ 21.

2

¶ 7    We perceive no abuse of discretion, and we agree with the district court's application of the relevant statutes.

¶ 8    Our resolution of this appeal turns on "the date of the final disposition of all criminal proceedings" against Meeuwsen. § 24-72-706(1)(b)(II). Section 18-1.3-102(1)(a), C.R.S. 2024, provides, as relevant here, that a guilty plea with a DJS allows the court "to continue the case for the purpose of entering judgment and sentence upon the plea of guilty for a period not to exceed four years for a felony." A DJS is therefore a *continuance* for a definite term of up to four years, not a final disposition. *People v. Carbajal*, 198 P.3d 102, 105-06 (Colo. 2008) (interpreting section 18-1.3-102)*; see Kazadi v. People*, 2012 CO 73, ¶ 8 (a DJS is not reviewable under Crim. P. 35(c), as it is not a "judgment of conviction"). The final disposition of a charge with a DJS does not occur until (1) the defendant successfully completes the terms of the DJS, the guilty plea is withdrawn, and the charge is dismissed with prejudice; or (2) the court revokes the DJS and enters a judgment of conviction and sentence on the guilty plea. § 18-1.3-102(2); *Carbajal*, 198 P.3d at 106; *see McCulley v. People*, 2020 CO 40, ¶¶ 11-12.

¶ 9    Because there was no disposition of Meeuwsen's stalking charge until February 20, 2024, we conclude that the final disposition of all criminal proceedings against him occurred on that date. Our analysis is consistent with the relevant statutory definition of "disposition," which includes "the dismissal . . . or *indefinite* postponement of criminal proceedings" and a "conviction," but does not include the imposition of a DJS or postponement for a *definite* term. § 24-72-302(6), C.R.S. 2024 (emphasis added); *see* § 24-72-701(5.5), C.R.S. 2024 (criminal record sealing statutes use the definition of "disposition" found in section 24-72-302). Given this conclusion, we need not decide whether Meeuwsen was supervised "concerning a criminal conviction" for purposes of section 24-72-706(1)(b)(II).

¶ 10    We are not persuaded by Meeuwsen's conclusory argument that the date of his plea is the date of the final disposition of his case because a final disposition is distinct from a sentence. Meeuwsen cites no legal authority supporting his position, and we are not aware of any.

¶ 11    We are similarly unpersuaded by Meeuwsen's argument that his case is eligible for sealing under section 24-72-705(1)(a)(IV),

C.R.S. 2024, which provides for automatic sealing when a defendant completes a DJS and "all counts are dismissed." This statute does not apply because "all counts" in Meeuwsen's case were not dismissed. As the division articulated in *C.H.*, "under the plain language of section 24-72-705(1)(a), the records of [a] deferred judgment are not eligible for sealing" when a misdemeanor conviction has entered in the same case. *C.H.*, ¶ 32. We agree with the analysis in *C.H.* and decline Meeuwsen's invitation to depart from it.

¶ 12 Thus, Meeuwsen's case is not eligible for sealing until February 20, 2026 — two years after the final disposition of all criminal proceedings against him.

## IV. Conclusion

¶ 13 The order is affirmed.

JUDGE LIPINSKY and JUDGE MOULTRIE concur.